### HANSON v. HANSON.

#### No. 11,494; March 11, 1889.

#### 20 Pac. 736.

**Judgment—Vacation.—The Trial Court has No Power to Review** its own order setting aside a judgment for want of service of summons, where the order was regularly made after hearing and consideration.

**Judgment—Vacation After One Year.—A Judgment Void** for want of jurisdiction may be set aside on motion made on notice, though more than a year has elapsed since entry of the judgment.

APPEAL from Superior Court, Lake County; Rodney J. Hudson, Judge.

Action for divorce by J. F. Hanson against Delia Hanson. Defendant appeals from an order setting aside an order vacating a judgment by default.

P. M. Sullivan, J. J. Bruton, E. W. Britt and Ball & Craig for appellant; D. M. Hanson, A. E. Noel and R. W. Crump for respondent.

HAYNE, C.—Appeal from an order setting aside an order vacating a judgment by default. The action was for divorce. No answer having been put in, the default of the defendant was entered, and after evidence had been taken a decree of divorce was made. After more than a year from the entry of this decree the defendant moved, upon notice, to have the decree set aside upon the ground that she had never been served with summons. This motion was granted; and it must be assumed from the record that it was granted upon the

ground upon which it was made, viz., that there had been no service of summons upon the defendant. About three weeks after this the court made a second order setting aside the first order. The ground upon which this second order was made does not appear from the record. But it is stated by the counsel for the respondent that it was made upon the ground that more than a year had elapsed between the entry of the decree and the motion to set it aside, and that therefore the defendant could not have it set aside upon motion, but was obliged to resort to an action; in other words, that the court had no power to act in the way it did. But we think that the court had such power. If the decree was made without service of process upon the defendant, and without appearance by her, it was absolutely void. And it was held in People v. Greene, 74 Cal. 400, 5 Am. St. Rep: 448, 16 Pac. 197, after careful examination of the authorities, that a judgment which is void for want of jurisdiction over the party may be set aside on motion, made upon notice, notwithstanding the fact that more than a year has elapsed since the entry of such judgment. The only difference between that case and this is that there the judgment was void upon the face of the judgment-roll, while here the decree (having been entered upon an affidavit which was sufficient in form, though false in fact) was not void upon the face of the roll, but had to be shown to be void by evidence of the want of service. But while this might make a difference upon a collateral attack, it makes none upon a direct attack. And it has been held that a motion made upon notice is a direct, and not a collateral, attack: People v. Mullan, 65 Cal. 396, 4 Pac. 348; People v. Greene, supra.

The court, therefore, had power to make the order setting aside the decree; and such order was regularly made after hearing and consideration. This being the case, the court had no power to vacate it because subsequent reflection had induced it to believe that it was erroneous. Litigation must have some end. There must be some time when a judgment or order which the court had power to make becomes final, and the party is turned over to the appellate court for relief. It is true that there are some cases in which a trial court may review its own action; but such cases are prescribed by statute, and the trial court is confined to such cases, and has no power in review in other cases: Carpenter v. Superior Court,

75 Cal. 596, 19 Pac. 174; Wunderlin v. Cadogan, 75 Cal. 617, 17 Pac. 713. And there is no provision authorizing the review by the trial court of an order setting aside a judgment for want of service of summons, where such order was regularly made after hearing and consideration. It is true that where a judgment or order was inadvertently or improvidently made, as, for instance, where the court was imposed upon by some trick or artifice, or where it did not intend to make the order entered, as where there has been some clerical misprision, the court may set it aside. But this, being an unusual case, will not be presumed upon appeal, but must be shown affirmatively: Carpenter v. Superior Court, supra; Wunderlin v. Cadogan, supra. Unless this were so, no case could be reversed on appeal unless the record contained an affirmative showing that there had been no trick or artifice, or other case of inadvertence or improvidence, which is certainly not necessary.

But, if the court had the power to review its action because it had come to a different conclusion after reflection, we think that, even upon this theory, the order appealed from must be reversed; for, in our opinion, the first order was properly made: See McBlain v. McBlain, 77 Cal. 507, 20 Pac. 61.

We therefore advise that the order appealed from be reversed and the appeal from the judgment dismissed.

We concur: Belcher, C. C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is reversed and the appeal from the judgment dismissed.