## APPEAL OF. W. A. SPONSLER.

[ASSIGNED ESTATE OF W. C. KING.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF
PERRY COUNTY.

Argued May 27, 1889—Decided June 28, 1889.
[To be reported.]

1. When a judgment in favor of A., against himself and others, after being assigned by A. to B., is revived in favor of B., the fact that A. occupies the position of legal plaintiff does not prevent such revived judgment from being good against A. and his creditors.
2. Creditors cannot attack a judgment before an auditor for distribution, on the ground that it is a fraud upon the debtor. They can make such attack only when the judgment has been fraudulently given by collusion, for the purpose of hindering and delaying them.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 102 July Term 1888, Sup. Ct.; court below, No. 210 November Term 1885, C. P.

On December 30, 1885, W. C. King, with Martha his wife, executed and delivered to W. A. Sponsler a deed of voluntary assignment for the benefit of creditors.

On July 12, 1887, the assignee having settled an account showing a balance in his hands as of the proceeds of sales of the assigned real estate sold discharged of liens, *Mr. James W. Shull*, was appointed auditor to make distribution thereof.

At the audit, the fund arising from the sale of certain real estate, amounting to $880.20, was claimed by the Susquehanna Building and Loan Association by virtue of a judgment for $1,500, originally entered in favor of W. C. King, the assignor for benefit of creditors, against himself and others, and shortly afterwards assigned by him to the building and loan association, to whose use it was twice subsequently revived. The accountant, W. A. Sponsler, also claimed this fund under a judgment in his favor and against said W. C. King, the original entry of which, to No. 59 October Term 1885, was between the dates of the first and second revivals of the building association's judgment.

Auditor's Report.

Upon the controversy thus arising the auditor reported as follows:

On April 1, 1873, Susan King, W. C. King, S. S. King and M. Edgar King, widow and heirs of Robt. S. King, deceased, executed a judgment bond to W. C. King in the sum of $1,500, which bond was entered in the Common Pleas of Perry county, on April 12, 1873, to No. 314 January Term 1873, and on November 14, 1873, for a valuable consideration, W. C. King, by his attorney, assigned, transferred and set over the said judgment to the Susquehanna Building Association, who revived the same to their use by amicable scire facias against all the above-named defendants on April 8, 1878, to No. 532 January Term 1878, and also by a subsequent revival by scire facias, issued April 5, 1883, to No. 62 April Term 1883.

There is no evidence to show that this judgment against W. C. King and others was not a good and valid judgment at the time it was entered; consequently, had an execution been issued thereon at that time, although W. C. King was legal plaintiff, as well as one of the defendants, the same could have been collected, except the proportionate share for which King himself was liable. As where several persons sign a bond payable to one of their number, it cannot be enforced as a joint promise against all the signers, but where such bond is transferred to a third person it immediately becomes operative as a valid contract from the date of the transfer, and may be enforced by a joint action against all the makers: Byles on Bills, 76. Where, however, parties have contrived by judgment to defeat the rights of a third person, such judgment is not a bar against the claim of the party sought to be defrauded. But fraud is not alleged in this case; the technical ground alone, that W. C. King is both legal plaintiff and defendant, consequently no lien attaches, and that any assignee of the judgment could hold no higher position, or acquire other rights than those possessed by the assignor. This, in the opinion of your auditor, is partly true. Had the judgment of W. A. Sponsler been entered prior to November 14, 1873, the date of the assignment of the judgment, the principle of equity would then have prevailed; the legal plaintiff could not hold the lien against his property to the prejudice of a third person, and on distribution the fund would have been applied to his judgment, although the

same was not first of lien.    Now, applying the principle as laid down in Byles on Bills, above referred to, immediately after the transfer or assignment by W. C. King to the building association, he, W. C. King himself, becomes liable and his real estate would be bound by the lien of the judgment, the same being of record where subsequent creditors were bound to take notice of it, and therefore could not be misled.    See also Johnson v. McCurdy, 83 Pa. 282.

Another answer also appears to your auditor most formidable, which was urged by counsel for the building association, viz. : The Susquehanna Building Association twice revived their judgment for their use against W. C. King and others; the first time by amicable scire facias, on April 8, 1878, while the judgment of W. A. Sponsler was not entered until November 10, 1880.    The effect of this revival was to continue the lien and vest the title and control of the judgment in the equitable plaintiff against all the defendants, W. C. King himself signing with the other defendants.    The language of the amicable scire facias itself is, " with full costs of suit, release of all errors, etc., and to have the same effect as if a writ of scire facias had been regularly issued, served on us, and judgment obtained thereon according to law."

What is the effect of this amicable scire facias ?    In Buehler v. Buffington, 43 Pa. 293, Justice LOWRIE uses the following language : " Nor can we regard the judgment as invalid, though it was on a scire facias post annum et diem, on a previous judgment that was void.    If we could find no previous record at all, the new judgment would not be void on that account, though it might be reversible for irregularity in its own process, but having no valid judgment to rest on, it must be treated as a new judgment."    In Ramsey v. Linn, 2 R. 228, Justice TODD says : " A confession of judgment in every amicable action admits the issuing of a writ, though, in fact, no such writ ever issued."    Therefore, a judgment regularly revived by amicable scire facias, is not void, though the original judgment itself is void.

Your auditor is therefore of opinion that judgment No. 62 April Term 1883, in favor of Susquehanna Building Association, was a good and valid lien at time of sale of the real estate by the assignee, and that any defects it may have had to pre-

vent it from participating first in a distribution prior to the revival, were all cured by the revival.

The auditor further reported that at the date of the first revival of the judgment to the use of the building association, W. C. King had title to the undivided one third only of the real estate in question, upon which one third interest said revived judgment was the first lien; that title to the remaining two thirds of said real estate was acquired by him eighteen days after said revival, and that prior to the second revival of said judgment the judgment of Sponsler was entered, and thus became the first lien on said undivided two thirds interest. The one third of the fund arising from the real estate was accordingly appropriated by the auditor to the judgment of the building association, and the other two thirds to that of W. A. Sponsler.

To the foregoing report of the auditor, W. A. Sponsler filed exceptions alleging that the auditor erred in finding that the building association's judgment was a valid lien upon the individual estate of W. C. King, and allowing it to participate in the distribution of the one third of the fund to the exclusion of exceptant's judgment.

These exceptions, upon argument, were overruled by the court, BARNETT, P. J., and a decree made confirming the report of the auditor and directing distribution accordingly. Thereupon the exceptant took this appeal, assigning for error the refusal of the court to sustain his exceptions and appropriate the fund in controversy to his judgment, No. 59 October Term 1885.

*Mr. Charles H. Bergner* (with him *Mr. W. H. Sponsler*), for the appellant:

1. The debt for which the widow and all the heirs of Robert S. King confessed judgment to W. C. King on April 1, 1873, was contracted by the father with the son prior to the father's death. Wm. C. King undoubtedly became one of the defendants because he believed it necessary to have the judgment entered against all the heirs. It is absurd to suppose that he intended to incumber his separate real estate, acquired by his own labor, to secure payment of a debt due him from

his deceased father. His appearing as a nominal defendant is of no concern, for the reason that on the entry of the judgment for the purpose of lien against the real estate of which he was part owner in fee, his liability as defendant immediately merged in his fee, and the lien of the judgment became, as against him and his property, extinct in law: Koons v. Hartman, 7 W. 25; Moore v. Harrisburg Bank, 8 W. 148; Richards v. Ayres, 1 W. & S. 487. The rule is clear that there must be an intention, at the time the incumbrance is placed, that it shall not merge; that when this intention is not shown, it will be presumed, if advantage is likely to accrue from maintaining, or disadvantage to follow from discharging the incumbrance; but, if it is indifferent to the party whether the incumbrance remains or not, it invariably merges in the fee and becomes extinct beyond the possibility of resuscitation: Pennington v. Coats, 6 Wh. 283; Richards v. Ayres, 1 W. & S. 487. There is no evidence of any intention of W. C. King to incumber his own individual real estate, and no room for a presumption, under the rule of law, of such intention.

2. The lien of the judgment being extinct as to W. C. King, the assignment to the building association could not revive it: Koons v. Hartman, 7 W. 25. An assignee of a chose in action takes subject to equities affecting the original holder: Hendrickson's App., 24 Pa. 365. A fortiori, on the assignment of a judgment the lien of which is extinct in whole or in part, it remains extinct to the same extent after the assignment as before. Nor should the fact that W. C. King joined with the other defendants in signing the amicable scire facias to No. 532 January Term 1878, alter this case. The judgment was what might be termed a class judgment, entered against the heirs of Robert S. King to secure a lien on the decedent's real estate, and the revival changed its status not a whit. W. C. King was still the legal plaintiff and it was still merged in his fee, giving no lien on his real estate. The marking of the revival to the use of the association gave it only such rights as the legal plaintiff had had. The authorities cited by the auditor are not applicable, as they all refer to cases where the plaintiff and defendant in the judgment were two different persons. If the association had revived the judgment in its own name, leaving out the name of W. C. King as legal plaintiff, as it

had the right to do under Reed's App., 7 Pa. 66, a different case might have been presented. But this revival, like the original judgment, created no lien on the property of the legal plaintiff.

*Mr. Charles H. Smiley*, for the appellee:

The auditor had no authority under his appointment to inquire into the validity of the judgment: Benson's App., 48 Pa. 161; Second N. Bank's App., 85 Pa. 530; Thompson's App., 57 Pa. 177; Edwards's App., 66 Pa. 90. Further: Even if not bound by the original judgment, W. C. King was concluded by the amicable revival, and a valid lien was thereby created: Cash v. Tozer, 1 W. & S. 525; Hays v. Shannon, 5 W. 549; Shaeffer v. Child, 7 W. 86; Stewart v. Peterson, 63 Pa. 232; Duff v. Wynkopp, 74 Pa. 305; Ramsey v. Linn, 2 R. 228; Buehler v. Buffington, 43 Pa. 293; Harper v. Biles, 115 Pa. 594; Campbell's App., 118 Pa. 136. Morever, the revival was in proper form, and the court will look beyond the nominal party and treat as the real party him whose interests are involved in the issue: Roberts v. Halstead, 9 Pa. 32; Reed's App., 7 Pa. 65; Peterson v. Lothrop, 34 Pa. 223. The judgment was valid against W. C. King and no one else can complain: Edwards's App., 66 Pa. 90.

PER CURIAM:

This was an appeal from the decree of the court below distributing the assigned estate of W. C. King. The fund is the proceeds of the sale of real estate and the contest is between lien creditors. The only error assigned is that the court did not award the fund to the judgment of the appellant, No. 59 October Term 1885. The court could not have done so without disregarding the prior judgment, No. 62 April Term 1883, now held by the Susquehanna Building Association. This the auditor appointed by the court to make distribution could not do.

The last named judgment was in full force and unsatisfied. The only ground upon which it was assailed was that W. C. King, the plaintiff in the judgment, was also one of the defendants therein, and it was alleged that he could not occupy both positions. King had assigned this judgment to the building association above named, after which it had been revived in favor of said association. The judgment No. 62 April Term

1883, was entered upon the scire facias. It cannot be successfully contended that this revived judgment in the hands of the building association was not good against King. It was not a fraud upon him, and if it were, his creditors cannot attack it for that reason, although he might do so upon a proper application to the court in which it was entered. Creditors can only attack a judgment before an auditor, when such judgment has been fraudulently given by collusion for the purpose of hindering and delaying them. The authorities upon this point are numerous ; it is sufficient to refer to Second National Bank's App., 85 Pa. 528, where the subject is discussed and a number of the cases cited.

     The decree is affirmed and the appeal dismissed at the costs of the appellant.