[Civ. No. 5260. Second Appellate District, Division One.—March 7, 1928.]

O. E. VAUGHN, Respondent, v. PINE CREEK TUNGSTEN COMPANY (a Corporation), Appellant.

Richard S. Miner and J. F. Peck for Appellant.

A. H. Swallow and Robert Richards for Respondent.

YORK, J.—Appeal by defendant, a foreign corporation, from an order of the trial court denying its motion to set aside a default and vacate a judgment against it entered thereon.

The motion to vacate was made upon the ground that the service of summons and complaint was made by a process-

server upon one Shapley as the general manager and ''designated agent'' of defendant, a foreign corporation, and that said Shapley was not the general manager or designated agent of said corporation, and said corporation was not doing business in the state of California at the time of the service of the summons and complaint. There is no charge of fraud against the plaintiff, except that incidentally fraud is charged against the process-server in that Shapley, upon whom he made the service, was not the general manager or designated agent of defendant. No charge was made by defendant in its motion that any fraud was committed on the court by plaintiff. The motion, therefore, is not supported by the case of *McGuinness* v. *Superior Court,* 196 Cal. 223 [40 A. L. R. 1110, 237 Pac. 42], cited by appellant, as the motion in that case was based upon extrinsic fraud of the party to the action wherein the review was sought, and which fraud was committed upon the court. In the instant case the service is alleged to have been invalid for matters *dehors* the record, in that Shapley was not the general manager or ''designated agent'' of defendant at the time of the service of the summons and complaint, and that defendant was not doing business in the state of California at the time of the service and had forfeited its right to do business in California. No fraud having been alleged, in the notice of motion herein, to have been committed on the court or by plaintiff that case does not determine the propositions of law considered in the instant case. The motion was not made under the provisions of section 473 of the Code of Civil Procedure. ██ Although the motion was not made under the provisions of section 473 of the Code of Civil Procedure it is the settled law of this state that by analogy to the limitation of a motion for leave to answer after judgment to one year from the time of its rendition in case of constructive service a motion to set aside a default and vacate a judgment entered thereon on matters *dehors* the record in a case where no extrinsic fraud is alleged should be limited to one year from the time of entry of judgment on personal service. (*Smith* v. *Jones* 174 Cal. 513 [163 Pac. 890].) In the case of *Smith* v. *Jones* the moving party sought to prove that there was no service of summons and complaint at all upon the moving defendant,

although the affidavit of service showed service made. It is held in such cases that although a direct attack on the judgment can be made by motion in a case where the default has been entered, the time in which such attack can be made should be limited to one year from the time of entry of judgment.

■ There was, therefore, no error in sustaining the objection to the affidavits offered by the defendant in that the notice of motion was served more than one year after entry of judgment. At the time the notice of motion was given the judgment was not open to a direct attack in said action, except on the ground of extrinsic fraud, which was not alleged and which the evidence offered would not have established. The attack on the judgment on the ground that the judgment was void on its face is not subject to that limitation. ■ In support of that contention appellant asserts that the service of summons was fatally defective as shown by the affidavit of service itself. The unimpeached affidavit was as follows:

"State of California, County of Inyo—ss.

"L. J. Horton being duly sworn, deposes and says: that he is, and was at the time of the service of the papers herein referred to, a citizen of the United States, over the age of eighteen years, and was not a party to nor interested in the within entitled action; that on the 30th day of June, 1922, in the county of Inyo, state of California, he personally served the within summons on Pine Creek Tungsten Co., the defendant, by delivering to Cooper Shapley the general mgr & designated agent for service of process of said defendant personally in the said county of Inyo a copy of said summons attached to a copy of the complaint in the action therein mentioned.

"L. J. Horton. .

"Subscribed and sworn to before me this 7th day of July, 1922.

"(Seal) W. P. Yaney,

"Notary Public in and for the County of Inyo, State of California. My commission expires October 28, 1922."

The criticism is made that the affidavit does not state that the defendant was a foreign corporation, or that it was doing business in the state of California. We look to the

judgment-roll to ascertain the facts as to whether the defendant was at the time of the commencement of the action a foreign corporation and doing business in the state of California, and to the affidavit of the process-server for proof of the time, place and method of service. The complaint alleges that defendant was a foreign corporation at that time and doing business in the state of California, and the note which was the foundation of the action was made in California and by its terms was to be paid in California, and the affidavit of service shows that the service was made in Inyo County in California, by a person qualified to make the service and that the service was made on defendant by the service on its general manager.

The case of *Willey* v. *The Benedict Co.*, 145 Cal. 601 [79 Pac. 270], cited by defendant and appellant, treats of a substituted or constructive service, and in services of that character the return of service must show all the facts necessary to establish jurisdiction. In the case of *Eureka etc. Co.* v. *California Ins. Co.*, 130 Cal. 153 [62 Pac. 393], cited by defendant, an action had been brought on a foreign judgment. In such a case in considering the validity of such foreign judgment the court can consider evidence *dehors* the record the same as in an action in equity challenging a domestic judgment for defective or no service of summons. Our attention has been called to the case of *Hanson* v. *Hanson*, 3 Cal. Unrep. 66 [20 Pac. 736] ; it seems to be conceded by respondent that the case decides that a direct attack upon a judgment, though not founded on intrinsic fraud, can be made after one year from the date of the judgment. That decision is not in accord with *Smith* v. *Jones, supra*, and is not supported by any decision called to our attention.

 It is now well settled that a direct attack upon the ground of false statements in the affidavit of service can be made by proof of the falsity of the statement or statements, and that if the direct attack is upon the ground of extrinsic fraud committed upon the court or by the plaintiff, the time when the attack can be made is unlimited. It is the settled law that objections to misstatements in the affidavit of service, in the absence of fraud on the court or by the plaintiff, must be made within a reasonable time after the entry of judgment, as hereinbefore shown, and that time does not

extend beyond one year from the entry of judgment. It is also well settled that when a judgment on the face of the judgment-roll is void, an attack can be made upon it at any time and that the court can set it aside of its own motion. But that is not the case here. No extrinsic fraud having been alleged and the proof offered not having tended to establish such fraud, in that it appears that Shapley was doing assessment work on defendant's claims and that that was the only business defendant was doing in California, the process-server, therefore, under the circumstances might have made an innocent mistake in believing Shapley was defendant's business manager.

The fact, if it was a fact, that defendant had failed to pay its corporation license tax as required by the laws of California, did not make it immune from service of process in California at a time when it appears to have been actually transacting business of the corporation in California, as above stated.

It therefore follows that the order appealed from should be affirmed. So ordered.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1928.

All the Justices present concurred.