[L. A. No. 8544. In Bank.—September 19, 1928.]

A. H. SWALLOW, Respondent, v. TUNGSTEN PRODUCTS COMPANY (a Corporation), Appellant.

Richard S. Miner and J. F. Peck for Appellant.

Robert Richards, A. H. Swallow, *in pro. per.*, Swallow & Richards and Edward Brady for Respondent.

SEAWELL, J.—The petition for an order transferring this cause after decision by the district court of appeal, second appellate district, division one, to this court was granted May 3, 1928. At that time we had before us a petition requesting the transfer of the cause entitled *O. E. Vaughn* v. *Pine Creek Tungsten Co., a Corporation,* to this court after decision by said district court of appeal, 89 Cal. App. 759 [265 Pac. 491]. That petition was denied. Both proceedings were attacks made upon the same judgment in a different form. The latter case presented the question whether the defendant was entitled to have the judgment therein obtained vacated and set aside on the ground that defendant, a foreign corporation, had not been personally served with summons. The specific ground upon which the motion was pressed was that the person served as the general manager and designated agent of said foreign corporation was neither the manager nor designated agent of said corporation and therefore no service was made upon said corporation. Other points were made but they are not germane to a consideration of the question here in hand. The district court of appeal had held in that case that no fraud was charged against the plaintiff in the motion and no charge was made that any fraud was committed on the court by said plaintiff, and, the motion being faulty in the respects pointed out, was not supported by the case of *McGuinness* v. *Superior Court,* 196 Cal. 222 [40 A. L. R. 1110, 237 Pac. 42], in which case the motion was based upon the extrinsic fraud of the party to the action wherein the review was sought and fraud was found to have been committed upon the court. It was further held that a motion to set aside a default and vacate a judgment entered thereon on matters *dehors* the record in a case where no extrinsic fraud is alleged should be limited to one year from the time of entry of judgment on personal service. The fact that the notice of motion was served more than one year after entry of judgment constituted one of the grounds assigned for denying the relief sought.

The order of transfer was made in the instant case to give opportunity for a fuller consideration of the two important questions raised by petitioner, to wit, first, that a defendant, in an action to quiet title cannot collaterally at-

tack a judgment valid upon its face and which forms one of the links in plaintiff's title; second, that a subsequent purchaser of lands encumbered by the lien of a judgment valid on its face and whose rights in said lands were not affected by the rendition of the judgment has not the right to attack the judgment on grounds of fraud or mistake which the original judgment defendant would have had. Authorities are to be found in this and other states which give a color of support to the claims made by both appellant and respondent.

The present action was brought by respondent to quiet his title to certain mining claims, all of which is more fully set forth in the opinion of the district court of appeal, which we append as a part of the opinion on the case. There is no doubt that the answer sets forth all substantive matters necessary to constitute a direct attack on the judgment. The allegations of fraud are fully set out and are in the usual form. The attack upon the judgment is direct and in no sense collateral. The discussion of this branch of the case comes well within the rule announced in *Follette* v. *Pacific L. & P. Corp.*, 189 Cal. 193 [23 A. L. R. 965, 208 Pac. 295]. The cross-complaint, although not so designated by the pleader, is such in substance. It is therein alleged that the Pine Creek Tungsten Company was the owner of and in possession of said group of mining claims or locations from October 28, 1918, to December 28, 1922, on which last-named day it sold and transferred all of its interest, right, title, and claim in said mining claims to the Soda Products Company, a corporation; that the corporation last mentioned entered upon and took possession of said group of mining claims and developed, operated, and prospected the same to March 14, 1923, on which day it sold and transferred its interest therein to the Tungsten Products Company, a foreign corporation; that said foreign corporation thereupon entered upon and took possession of said mining claims; that it has since been in the possession of said claims and it and its predecessors in interest have expended more than $150,000 in opening, developing, and prospecting said mining claims and in purchasing machinery for the operation of the same; that respondent and his grantor have at all times known of the work of development and the large sums of money that were being expended by the several alleged owners of

said claims, but that each remained silent and that none of said corporations from which appellant claims to deraign title had notice at any time, direct or indirect, of the commencement or pendency of said suit wherein Vaughn was plaintiff and the Pine Creek Tungsten Company was defendant until April, 1924; that upon making said discovery appellant took prompt action to protect its rights.

The judgment sought to be voided was rendered in the case of *Vaughn* v. *Pine Creek Tungsten Co.*, 89 Cal. App. 759 [265 Pac. 491]. The complaint was filed June 19, 1922, and summons was issued forthwith and returned as served June 30, 1922. Default judgment was entered on July 17, 1922. On February 10, 1923, an amended return of service of summons was filed. The writ of execution was issued on said judgment February 19, 1923, and said group of mining claims was sold to the judgment creditor, O. E. Vaughn, March 29, 1923. The sheriff executed and delivered his deed to O. E. Vaughn on April 12, 1924. On April 14, 1924, said Vaughn quitclaimed to A. H. Swallow, Esq., who brought an action to quiet his title in and to said group of mines. The judgment going in his favor, this appeal was taken.

The trial court took the position that the judgment being valid upon its face was immune from what was regarded as a collateral attack by a party who had no interest in the subject of the action at the time the judgment was entered. Being of this view the court excluded all offers of evidence which, if true, would have had the effect of impeaching the integrity of the judgment. There has been much discussion by counsel as to whether false averments in the return of service of summons, which, if not inserted, would render the service invalid, fall within the definition of extrinsic or intrinsic fraud.

■ "Fraud practiced upon the court is always ground for voiding the judgment as where the court is deceived or misled as to material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair." (34 C. J. 282.) The species of fraud that furnishes the best example of extrinsic fraud is that kind which is practiced upon a defendant to keep him away from the trial, or to prevent him from claiming his rights in the

premises, or from setting up an available defense. The judgment in the instant case was a default judgment entered by the clerk. The judicial power which directs the entry of judgments was imposed upon if the allegations of the cross-complaint are true. If to induce a defendant to absent himself from the place of trial by the employment of fraudulent acts or to prevent him by fraudulent contrivance from setting up an available defense amounts to extrinsic fraud, it must inevitably follow that a fraud committed against the defendant by a false return of service of summons, when, in fact, no service was made, whereupon a default judgment is entered without giving the defendant an opportunity to have his day in court, is also extrinsic fraud and is fully as disastrous to the rights of a defendant as though he had been betrayed into absenting himself from the trial. In fact, the latter illustration includes all if not more of the elements of iniquity than the former illustration does. In both instances the defendant has not had his day in court. In the first case he was deceived into the notion that his rights would be preserved; in the other case, by the practice of fraud, the fact that an action was pending against him was concealed from him. Not being present in court, he was not able to combat any intrinsic fraud that may have been practiced against him.

*People* v. *Mullan*, 65 Cal. 396 [4 Pac. 348], presented the question as to whether Mullan, the transferor of lands to the Cucamonga Company, a corporation, had been served with summons in an action previously brought against him. Said corporation, as the assignee of Mullan, moved to set aside the judgment on the ground that no service of summons had been made on its assignor, Mullan. It was there held that the corporation was in legal effect the assignee and legal representative of Mullan and stood in his shoes, citing section 473 of the Code of Civil Procedure, and *United States* v. *Patterson*, 15 How. (U. S.) 9 [14 L. Ed. 578, see, also, Rose's U. S. Notes]. These and other authorities are cited in the opinion of the district court of appeal. In the instant case neither O. E. Vaughn nor respondent has at any time been in possession of the mining properties involved in this case. Appellant and its predecessors in interest, beginning with the Pine Creek Tungsten Company, have successively at all times been in possession of

said properties since 1918. The cross-complaint, in our judgment, presents important questions of equity which entitle the pleader to be heard on the issues made. We express no opinion as to whether appellant will be able to establish the truth of its allegations.

The cross-complaint contains allegations from which an inference of fraud as to the procurement of the judgment sought to be annulled is the inevitable result. This is true also as to the proposition that the court in which the judgment was entered was unduly imposed upon. The opinion of the district court of appeal, per Conrey, P. J., which we herewith adopt as a part of our decision, follows:

"This is an appeal from a judgment for plaintiff in an action to quiet title to an interest in certain mining claims located in Inyo county in this state. The defendant in its answer, among other things not necessary to consider here, alleged that from the 28th day of October, 1918, and up to the 28th day of December, 1922, the Pine Creek Tungsten Company was the sole owner and in possession of a one-half undivided interest in the said mining claims; that on the 28th day of December, 1922, said Pine Creek Tungsten Company sold and conveyed its said one-half undivided interest therein to the Natural Soda Products Company, which thereupon entered into possession of said mining claims and operated the same until the 14th day of March, 1923, when it sold and conveyed said one-half interest in said mining claims to the Tungsten Products Company, the defendant in this action, and that defendant then entered into the possession of said mines and operated the same and was operating the same when its answer was filed herein. The defendant alleged that the title claimed by plaintiff was based wholly upon a certain sheriff's sale (of date March 29, 1923), of said property of said Pine Creek Tungsten Company, made by virtue of the execution issued on a judgment which had been entered on the 17th day of July, 1922, in the case of *Vaughn* v. *Pine Creek Tungsten Company*, and that said judgment was void for several reasons; the facts alleged being the same referred to in the decision this day filed in Civil No. 5260, *Vaughn* v. *Pine Creek Tungsten Co.*, 89 Cal. App. 759 [265 Pac. 491], an appeal from an order of the superior court refusing to set that judgment aside. In the appeal in that case we held, on

the authority of *Smith* v. *Jones*, 174 Cal. 513 [163 Pac. 890], that the judgment could not be set aside on the grounds urged by the moving party, because more than a year had elapsed after the judgment was entered before the motion was made.

■ "It is contended by respondent here that even if that judgment was void, as alleged, for want of service of summons, nevertheless that the defendant in this action had no right to impeach it, because this defendant was not a party to the action in which the judgment in *Vaughn* v. *Pine Creek Tungsten Co.* was entered, and had no interest in said mining claims at the date of that judgment. The judgment was entered in the superior court of the state of California, in and for the county of Inyo, the county in which the mines are located, and if valid became a lien on the title of said Pine Creek Tungsten Company in those mines on the date of its entry. If that judgment was void it was not such lien. Unquestionably, appellant herein, claiming title in the manner hereinabove stated, would have a right to impeach the judgment on which the sheriff's sale and deed depend for their validity, if the judgment was void by reason of facts appearing on the judgment-roll. In *Vaughn* v. *Pine Creek Tungsten Co.*, *supra*, we have held that the judgment was not void on account of any such apparent defects. But appellant herein further contends that the court erred in refusing to allow appellant to show, by evidence extraneous to the record in the former action, that there was no service of summons upon any authorized representative of the Pine Creek Tungsten Company, and that therefore the default judgment rendered against that defendant was void.

"Respondent relies upon the rule that one who comes before the court solely as assignee of a defendant's right to have a judgment set aside on grounds of fraud will be denied relief, because such right is not assignable. He further contends that this rule applies in a case where, although fraud is not alleged, the judgment is sought to be impeached on account of some error extraneous to the record which left the court without jurisdiction and the judgment void as between the parties thereto. The decision in *Bennett* v. *Wilson*, 133 Cal. 379 [85 Am. St. Rep. 207, 65 Pac. 880], lends a degree of support to respondent's argument. On

July 17, 1896, Wilson had obtained a money judgment against a corporation. At that time there was outstanding another money judgment against the corporation in favor of one Swearingen, and a second judgment in favor of Bennett. On July 18, 1896, under an execution on the Swearingen judgment, certain real property of the corporation was sold to one Cole. On January 15, 1897, Bennett, as redemptioner by virtue of his judgment, redeemed from the sale to Cole. Thereafter and within sixty days from the date of Bennett's redemption, Wilson, claiming a right of redemption under his judgment, attempted to redeem by paying the redemption money to the sheriff. Bennett refused to acknowledge Wilson's right of redemption and demanded a deed from the sheriff. Bennett then brought his action, wherein he attacked the validity of Wilson's judgment lien and sought to compel the sheriff to convey the property to him in accordance with the sale to Cole under the Swearingen judgment. Wilson's judgment had been entered after default of the corporation, which default was based upon a return of summons showing that the summons had been served on the corporation through service on one Fant as general manager thereof. Bennett alleged and sought to prove that Fant was not such general manager, but that in fact Wilson himself was the general manager and that the service and default were obtained by collusion between the sheriff and Wilson. The trial court in the case of *Bennett* v. *Wilson, supra,* found that the charges of fraud and collusion were not sustained, but also found that Fant was not the general manager and did not represent the corporation; that there had been no service of summons on the corporation, and that the default and judgment were void. Wilson and the sheriff appealed to the supreme court, and the judgment against them was reversed. In its decision, after outlining the facts, including those to which we have referred, the supreme court said: 'These facts are not sufficient to bring the plaintiff within any class recognized by the authorities as entitled to impeach a judgment regular on its face. It is ingeniously put by the respondent's counsel that the entry of the judgment was "an imposition on the court." But this was not the case. The judgment was entered by default by the clerk, whose legal duty it was to enter it, and who had no discretion in the matter.

Nor, had there been such imposition, would it have been any concern of the plaintiff. The relations of Wilson to the corporation, in the absence of explanation, might give rise to a presumption of fraud against it. But fraud against the corporation, even had it been found, would not entitle the plaintiff to impeach the judgment. (*Meckley's Appeal,* 102 Pa. St. 536; *Sponsler's Appeal,* 127 Pa. St. 410 [17 Atl. 1097]; *Biddle* v. *Tomlinson,* 115 Pa. St. 299 [8 Atl. 774].)'

"The foregoing decision appears to have been grounded upon the proposition that because the judgment of Wilson against the corporation was regular on the face of the record (although there was in fact no service of summons) and because at the date of entry of that judgment, Wilson had not yet become a redemptioner from the execution sale under the Swearingen judgment, it followed that no rights of Bennett existing on the 17th day of July, 1896, were affected by the entry of Wilson's judgment, and that therefore he had no right to impeach the Wilson judgment.

"Before accepting the decision in *Bennett* v. *Wilson* as conclusive of the matter at issue, let us see how the rule has been stated and applied in some other cases. In *People* v. *Mullan,* 65 Cal. 396 [4 Pac. 348], it appeared that on January 4, 1881, judgment had been rendered against Mullan in an action affecting the title to certain land. A motion was made by the Cucamonga Company to set aside that judgment on the ground that there was no service of summons on Mullan. The Cucamonga Company was a corporation 'to which the land involved in the action has been conveyed, and a certificate of purchase therefor assigned by Mullan on the 20th of October, 1881.' The superior court rejected the company's offer to prove that no affidavit of publication of summons was ever made, and that there was no order authorizing such publication. (It should be noted that at that time the affidavit for publication of summons and the order of publication were not by law included in the judgment roll.) The judgment was reversed, the Supreme Court holding that the corporation was in legal effect the assignee and legal representative of Mullan and standing in his shoes. In *Crossman* v. *Vivienda Water Co.,* 136 Cal. 571, 576 [69 Pac. 220, 223], the Mullan case, *supra,* was cited as authority for the proposition that 'one who succeeds to prop-

erty that is, subject to a judgment may appear to have it vacated, though he was not a party to the judgment.'

"*Whitney* v. *Kelley,* 94 Cal. 146 [28 Am. St. Rep. 106, 15 L. R. A. 813, 29 Pac. 624], is a case wherein the plaintiff as grantee of defendants in a former action filed his complaint to set aside the former judgment upon the ground that it was procured through certain frauds practiced upon plaintiff's grantors, defendants in said former action. The appeal was from a judgment dismissing the action after demurrer sustained, and this judgment was affirmed. Sundry decisions and paragraphs from text-writers are quoted and discussed in this decision in relation to the rule which denies to any person the right to proceed in equity 'against a judgment or decree to which he was not a party, and which did not at its rendition affect any of his rights.' The rule is not without its exceptions. Of course, a bare right to file a bill in equity for fraud committed upon the assignor will be denied because the transfer of such right is against public policy. Again, it has been laid down as a general rule that 'where an equitable interest is assigned in order to give the assignee a *locus standi in judicio* in a court of equity, the party assigning such right must have some substantial possession and some capability of personal judgment, and not a mere naked right to overset a legal instrument or to maintain a suit.' In some of the cases cited in *Whitney* v. *Kelley,* emphasis was laid upon the fact that the parties claiming the right to attack upon grounds of fraud the validity of judgments rendered against the assignors were claiming as assignees of a mere naked right, and not as subsequent purchasers in possession of property conveyed to them under circumstances which made the right of setting aside the prior fraudulent judgment, or other fraudulently obtained instrument, a mere incidental right for the protection of the assignee's property rights. So the Supreme Court in *Whitney* v. *Kelley* summarized its conclusions thus: 'If plaintiff's grantors had nothing but a mere naked right to file a bill to set aside this judgment, then this plaintiff, their grantee, can have no title. It is essential that a party complaining in equity should have some present substantial interest in the subject matter of the suit. He must have a direct interest in the result of the litigation, and his complaint must clearly indicate that fact. The plaintiff here has no interest in this land,

for his grantors had no interest when they transferred to him.' The former judgment rendered against Whitney's grantors had been a judgment denying their claim of title. Therein we find a difference between that case and the case now before us. At the time when the Pine Creek Tungsten Company conveyed to the Natural Soda Products Company the grantor was the owner and in possession of the property conveyed. The same is true respecting the conveyance by the Natural Soda Products Company to the Tungsten Products Company on March 14, 1923. The Tungsten Products Company became owner and was in possession of the property from and after said 14th day of March, 1923. It is true that there was an outstanding judgment which created an apparent lien against the property, but there had been no execution sale or conveyance by way of enforcement of that judgment lien. Appellants alleged and offered to prove these facts and, further, to prove that neither appellant nor said Pine Creek Tungsten Company had any notice or knowledge of said action or judgment of *Vaughn* v. *Pine Creek Tungsten Co.* until the month of April, 1924; that during the intervening period of time since the entry of said judgment of Vaughn, appellant and its predecessors laid out and expended at least $150,000 in the development of the mining claims which are the subject of this action, and that during said period of time both Vaughn and plaintiff Swallow knew that said work was being carried on and said expenditures were being made on said property, and stood silently by and permitted said work to be done and said money to be expended without giving the said corporations or any agent of them any notification of the existence of said former judgment or of any proceedings connected therewith. The offered evidence was rejected. If the facts be such as appellant alleged and offered to prove, it is manifest that a grave injustice has been done and will be confirmed if it be held that the offered defense must be rejected merely because the title of the owner of the property has been conveyed to appellant. If the Pine Creek Tungsten Company, through its responsible officers, had known of the existence of said judgment, and if, in substance and essence, appellant's claim was primarily and principally in the nature of a cause of action directed against that judgment, the rule might well be applied which denies the right of an assignee of such

claim to assert his claim by way of equitable action or defense.

"In *Emmons* v. *Barton,* 109 Cal. 662 [42 Pac. 303], the court referred to the rule stated in *Whitney* v. *Kelley, supra,* that a mere right to complain of fraud is not assignable. But the court said that this rule 'does not apply to a case where the right to sue for a fraud is merely incidental to a subsisting substantial property which has been assigned, and which is itself intrinsically susceptible of legal enforcement.' The same proposition is repeated in *Kemp* v. *Enemark,* 194 Cal. 748, 756 [230 Pac. 441]. In the case at bar we are now considering appellant's contentions not upon the basis of fraud used in the obtaining of the judgment in question, but only upon the basis of the court's failure in that action to obtain jurisdiction over the defendant therein. Nevertheless, the principles controlling the right of the assignee to protection against the results of the void judgment and of the proceedings thereunder are practically the same, whether the infirmity of the judgment has resulted from fraud or has resulted from mistake in connection with the service of the summons in that action. In *Marriner* v. *Smith,* 27 Cal. 649, the plaintiffs were grantees of one Goode, pursuant to purchase of the land from Goode, after entry of a money judgment obtained by Smith against Goode. The facts alleged were sufficient to show extrinsic fraud committed by Smith which prevented Goode from defending against the action. Referring to the limitations upon the right of a grantee of the judgment debtor, where the grant has been made after entry of the judgment, the Supreme Court said: 'Goode . . . is not a party to the action. He has made no complaint against the judgment. Of course, the plaintiffs cannot interfere on his behalf, and they have no interest in the matter except so far as the judgment lien may affect their property. They have no right to have the judgment absolutely vacated and annulled. The only question is as to whether plaintiffs stand in such a relation to the judgment against Goode and the parties thereto as to entitle them to the aid of a court of equity to remove a judgment lien upon the land described in the complaint and to an injunction against a sale under said judgment.'

"So here, although appellant cannot interfere on behalf of the Pine Creek Tungsten Company to have the judgment

set aside, or ask to have it absolutely vacated and annulled, nevertheless appellant, so far as its *status* in relation to such judgment is concerned, has the right to show the void character of the judgment for the purpose of establishing the invalidity of the judgment lien, which is the very foundation of the plaintiff's claim of title. To the extent necessary for that purpose appellant had the same right that the Pine Creek Tungsten Company would have had to allege and prove that the judgment was void, either by reason of fraud or by reason of mistake leading to the default and the entry of judgment thereon. ■ In the exercise of this right appellant was, of course, subject to the same limitations which would have bound the Pine Creek Tungsten Company in seeking to obtain equitable relief against such judgment. It is a necessary condition to the allowance of such relief that facts be alleged sufficient to show that there was a meritorious defense to the action in which the judgment was entered. 'Even though a judgment may have been obtained through fraud, or without service of process, a court of equity will not grant relief against it in favor of a party who "claims only the barren right of being permitted to defend against a claim to which he had no defense." ' (*Lee* v. *Colquhoun*, 175 Cal. 16 [164 Pac. 894].) Appellant herein alleged, in his answer, facts which, if established, would constitute a defense in the former action, in that the note sued on was made without consideration and without any authorization for execution of the same. At the trial appellant made ample offers of evidence tending to establish these defenses, and the offered evidence was excluded, the court holding that the defendant 'must rely upon what the judgment roll records show.'

"We are of the opinion that the rulings of the court were erroneous in the particulars hereinabove stated and that appellant was thereby deprived of the opportunity to present an apparently good defense to the action.

The judgment is reversed and cause remanded for a new trial.

Richards, J., Shenk, J., Curtis, J., Preston, J., and Tyler, J., *pro tem.*, concurred.

Rehearing denied.