[Civ. No. 7373.   Second Appellate District, Division One.—July 18, 1932.]

W. C. BARNETT, Appellant, v. LEE REYNOLDS et al., Respondents.

Mose Katzev for Appellant.

Earl D. Killion for Respondents.

TAPPAAN, J., *pro tem.*—This is an appeal from an order setting aside defendants' default, vacating the judgment thereon, and quashing the alleged service of summons upon defendants.   The question presented here involves the alleged service upon defendants of an amended complaint. The default of defendants was duly entered on July 8, 1929, and judgment thereon entered upon July 9, 1929.   An affidavit purporting to show due and regular personal service

of the summons and complaint appears in the record. On February 2, 1930, defendants served their notice to set aside the default theretofore entered and to vacate the judgment. This motion came on regularly to be heard on February 13, 1930, and was granted by the court. From this order the appeal is taken.

■ Appellant questions the jurisdiction of the court to grant the order, contending that a period of more than six months had elapsed since the entry of the judgment, and further objects that respondents upon said motion failed to comply with section 473 of the Code of Civil Procedure in that no copy of their proposed pleading was filed. At the hearing had upon this motion defendants filed affidavits in which they denied that they or either of them had ever been served with process in the action, or that they had had any notice of its pendency, and further deny that the plaintiff had any claim whatsoever as against them. Plaintiff's attorney filed, at this hearing, an affidavit in which it was recited ''the above named plaintiff informs me that he does not know the man by the name of D. M. Tierney, who has made the return of service in said action; that my said client is seeking to find said service man and ascertain the truth or untruth of the statements made by defendants in their affidavits; . . . ''

The contention of appellant that the motion was one made under the provisions of section 473 of the Code of Civil Procedure, and was therefore barred by the limitation contained in said section, having been made more than six months after the entry of judgment, is without merit. The motion though not made within six months of the entry of judgment was made within less than one year therefrom.

■ Where, as here, the motion to set aside a default judgment is made upon grounds not specified in section 473 of the Code of Civil Procedure, but is one addressed to the general equity powers of the court, it must be made within a reasonable time. Under circumstances similar to those presented in the instant case, it has been held that one year was a reasonable time within which to make the motion. (*Smith* v. *Jones*, 174 Cal. 513, 515 [163 Pac. 890]; *Vaughn* v. *Pine Creek Tungsten Co.*, 89 Cal. App. 759, 763 [265 Pac. 491]; *Swallow* v. *Tungsten Products Co.*, 205 Cal. 207, 209 [270 Pac. 366].) ■ Under the circumstances pre-

752

sented in the case at bar defendants were not required to file or submit a copy of their proposed pleading with their motion. (*De La Montanya* v. *De La Montanya,* 112 Cal. 101, 117, 118 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345].)

The order appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.