[Civ. No. 1129. Fourth Appellate District.—July 13, 1934.]

J. J. RICHERT, Appellant, v. BENSON LUMBER COMPANY (a Corporation) et al., Defendants; UNION TRUST COMPANY OF SAN DIEGO (a Corporation), Respondent.

Herbert C. Kelly for Appellant.

H. Pitts Mack, Stearns, Luce & Forward and Fred Kunzel for Respondent.

HAINES, J., *pro tem.*—Plaintiff and appellant J. J. Richert, claiming to own an undivided half interest in certain real property situate within the city of Oceanside in San Diego County, filed in this action a complaint in which he alleged that the defendant G. H. Jones was owner of the

other undivided half interest therein, and sought partition of the property. Numerous other persons and corporations, including respondent Donald G. Ingersoll, were made parties defendant under the allegation that they wrongfully claimed some interest to the property adverse to appellant and defendant Jones. Jones answered admitting all the allegations of the complaint. The summons was returned and filed with the affidavit of one C. J. Brackett attached thereto, purporting to show personal service of the same with a copy of the complaint, by said Brackett, upon respondent Ingersoll within said county of San Diego on December 22, 1928. Respondent not having appeared, his default was entered by the clerk on January 23, 1929. Thereafter, on February 5, 1929, there was signed and filed an interlocutory judgment in partition determining appellant Richert and said Jones to be the owners in undivided half interests of the particular lot here in controversy, being part of the property described in the complaint, and appointing a referee to make partition of the same between them. This judgment also determined that the other defendants, including respondent Ingersoll, had no interest in said lot and undertook to quiet the title of appellant Richert and said Jones to it as against them. The judgment was entered on February 6, 1929. On February 13, 1929, there was signed and filed, and on February 16, 1929, entered, a court order reciting that both Richert and Jones having conveyed their respective interests in the lot to one H. G. Belshe, partition of the same had become unnecessary and that, therefore, the interlocutory judgment should stand as the final judgment in the case.

On February 4, 1930, there was filed on behalf of respondent Ingersoll a notice that on February 10, 1930, respondent would move the court to vacate the said judgment on the ground that respondent had never been served with summons or complaint in the action. This notice was accompanied by respondent's affidavit that he had never been served with summons or complaint in the case and that he had stated the case to his counsel and been by them informed that he had a complete defense on the merits, and by a verified answer and cross-complaint asserting respondent's ownership of said lot. Thereupon it was, on February 9, 1930, stipulated between counsel for appellant and respondent that the motion so noticed for February 10th

should be continued for hearing on March 3, 1930, "and the rights of all parties shall be deemed the same as if said motion had been made and presented on February 10, 1930". Various other affidavits were filed on behalf of the respective parties as to whether or not Ingersoll had actually been served, and the motion to vacate the judgment continued from time to time by agreement until, after presentation and argument, it was finally taken under submission by the court on July 23, 1930, and granted by a written order dated and signed on July 29, 1930, and entered on July 30, 1930. From this order the present appeal is taken. During the pendency of the appeal Union Trust Company of San Diego has succeeded to the rights of Ingersoll and has been substituted as respondent in his stead.

Since the showing made by the affidavit presented a conflict of evidence as to whether respondent Ingersoll had been served with process or not we could not disturb the trial court's determination of that phase of the case had the matter been properly before it for determination whatever might be our feeling with respect to the weight of the evidence. As it vacated the judgment that court must necessarily have decided that he had not been served. ■ The court's authority to vacate a judgment not void on the face of the judgment-roll but void in fact for want of jurisdiction of the person of the defendant exists independently of the provisions of section 473 of the Code of Civil Procedure or of any other statutory provisions. (*Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388 [30 Pac. 585, 32 Pac. 452, 33 Am. St. Rep. 198]; *Mott Iron Works* v. *West Coast Plumbing Co.*, 113 Cal. 341 [45 Pac. 683]; *Waller* v. *Weston*, 125 Cal. 201 [57 Pac. 892]; *Smith* v. *Jones*, 174 Cal. 513 [163 Pac. 890]; *George Frank Co.* v. *Leopold & Ferron Co.*, 13 Cal. App. 59, 65 [108 Pac. 878].) ■ At common law the court's power to set aside such a judgment on motion ceased with the ending of the term at which it was entered. As we have no terms of court in this state the limitation on the exercise of such authority here is that unless the judgment is void on the face of the judgment-roll the court's action to set it aside must have been invoked within a reasonable time (*Smith* v. *Jones, supra* [p. 515]; *Norton* v. *Atchison etc. R. R. Co., supra* [p. 932]; *George Frank Co.* v. *Leopold & Ferron Co., supra* [p. 62]), or else the right is lost. The

question of what is a reasonable time originally evoked considerable discussion. In *Hanson* v. *Hanson,* 3 Cal. Unrep. 66 [20 Pac. 736], strongly relied upon by respondent, the Supreme Court upheld such relief though both asked and granted more than a year after the entry of the judgment which the lower court had set aside; and in *George Frank Co.* v. *Leopold & Ferron Co., supra,* the District Court of Appeal for the First District held that neither *Norton* v. *Atchison etc. R. R. Co., supra,* nor *People* v. *Temple,* 103 Cal. 447, 453 [37 Pac. 414], had actually decided that the limit of a reasonable time for a motion to vacate a judgment for want of personal jurisdiction not apparent on the judgment-roll was limited by the analogy of section 473 of the Code of Civil Procedure, but that in the absence of statutory regulation the matter "should be largely left to the discretion of the trial court". But in *Smith* v. *Jones, supra,* it was in such a case laid down [p. 516] that while "this motion is not made under . . . section 473, it has, nevertheless, been the long settled rule in this state that in determining whether a motion to set aside a judgment, decree, or order made independent of said section, is presented within a reasonable time, the period fixed in said section within which motions under it may be made is the standard or criterion in all cases. And, so, as to motions such as the one here made based on the ground that no service of process was made on the defendant, it is expressly held that in no case can the time of making them be extended beyond the limit specified in section 473 for making similar motions under that section," citing *Estate of Eikerenkotter,* 126 Cal. 54 [58 Pac. 370]; *Norton* v. *Atchison etc. R. R. Co., supra; People* v. *Temple, supra; People* v. *Dodge,* 104 Cal. 487 [38 Pac. 203]; *Young* v. *Fink,* 119 Cal. 107 [50 Pac. 1060]; *Canadian etc. Trust Co.* v. *Clarita etc. Inv. Co.,* 140 Cal. 672 [74 Pac. 301]; and in view of the decision in *Smith* v. *Jones, supra,* it was in effect stated in *Vaughn* v. *Pine Creek Tungsten Co.,* 89 Cal. App. 759 [265 Pac. 491], that *Hanson* v. *Hanson, supra,* must be treated as overruled, nor can we see the matter in any other light. Moreover, whatever is said in *George Frank Co.* v. *Leopold & Ferron, supra,* which is not in accord with *Smith* v. *Jones, supra,* must yield to the authority of that case. (See, also, *Wheeler* v. *Craig,* 206 Cal. 221, 223 [273 Pac.

558].) The period after the rendition of a judgment within which the court has power under section 473 to vacate it on motion "for any cause" as e. g., in case of service by publication "the summons and a copy of the complaint . . . have not been personally served on the defendant" was originally fixed at six months but ever since the amendment made at the 1873–74 legislative session, has been one year. The weight of authority seems to be that in case a judgment is given without personal jurisdiction when the lack of jurisdiction is not apparent from the judgment-roll, the time after its rendition which a court may find reasonable for moving to set it aside is limited by analogy not to the six months' period mentioned in section 473, but to the one-year period mentioned in the same section though in *Smith* v. *Jones, supra* (p. 516), it was said to be there unnecessary to determine that question. It would seem in such circumstances that the closer analogy must be to the one-year period and such is said to be the law in *Vaughn* v. *Pine Creek Tungsten Co., supra*, in which the District Court of Appeal for the Second District appears to treat *Smith* v. *Jones, supra*, as having so decided. (So, also, in *Barnett* v. *Reynolds*, 124 Cal. App. 750, 751 [13 Pac. (2d) 514].) The one-year period, moreover, seems to be treated as the correct one in *McGuinness* v. *Superior Court*, 196 Cal. 222 [237 Pac. 42, 40 A. L. R. 1110], which is referred to as having so decided in *Swallow* v. *Tungsten Products Co.*, 205 Cal. 207 [270 Pac. 366]. In the case at bar, however, as in *Smith* v. *Jones, supra*, the moving party appears to have brought himself within neither period. Though he filed his notice of motion one day before a year had expired following the rendition of the judgment, and two days before the expiration of a year from its entry, his notice was to the effect that he would actually make the motion to the court at a later date more than a year subsequent to both the rendition and the entry of the judgment. In the absence of statutory provisions making a notice of intention to move equivalent to a motion itself, such as now govern the making of a motion for new trial, it is well settled that a motion itself does not relate back for its date to the service or filing of the notice. (*People* v. *Ah Sam*, 41 Cal. 645, 650; *Spencer* v. *Branham*, 109 Cal. 336, 340 [41 Pac. 1096]; *Bell* v. *Krauss*, 169 Cal. 387, 391 [146 Pac. 874]; *In re More-*

*house,* 176 Cal. 634, 636 [169 Pac. 365]; *Thomas* v. *Superior Court,* 6 Cal. App. 629, 632 [92 Pac. 739]; *Wheelock* v. *Superior Court,* 67 Cal. App. 601, 603 [227 Pac. 931]; *Jones* v. *Superior Court,* 78 Cal. App. 163, 165 [248 Pac. 292]; *Colthurst* v. *Harris,* 97 Cal. App. 430 [275 Pac. 868]; *Estate of Hunter,* 99 Cal. App. 191, 196 [278 Pac. 485].) The stipulations in respect to continuance do not affect the situation. They merely preserve to respondent the same rights that he would have had had he made his motion in court on the day on which his notice said he would make it. That day being itself too late his motion was too late.

We have not, of course, overlooked the line of cases illustrated by *Ex-Mission L. & W. Co.* v. *Flash,* 97 Cal. 610 [32 Pac. 600], and *McGuinness* v. *Superior Court, supra,* in which, as is recognized in *Vaughn* v. *Pine Creek Tungsten Co., supra,* it seems to be held that when the judgment complained of was procured by extrinsic fraud practiced upon the court, the time for applying by motion to set it aside is not limited by the analogy of section 473. Neither have we overlooked the consideration given to the subject in *Swallow* v. *Tungsten Products Co., supra,* in which the Supreme Court, adopting an opinion of the District Court of Appeal for the Second District written by Mr. Justice Conrey, holds that the presentation to the court of an affidavit purporting to show personal service upon a party not actually served is extrinsic and not merely intrinsic fraud. It is to be noted, however, that *Swallow* v. *Tungsten Products Co., supra,* neither in terms overruled *Smith* v. *Jones, supra,* nor did more than incidentally refer to that case, although in *Smith* v. *Jones* there was presented exactly the situation of an affidavit of personal service made upon a party who was not, according to his showing, even within the state at the time the service was attempted. ■ Our conclusion is that there was no intention in *Swallow* v. *Tungsten Products Co.* to modify, overrule, or affect the rule laid down in *Smith* v. *Jones,* but that what is meant is that, where an affidavit purporting to show personal service on a party who has not been served at all is attacked, the case is one of extrinsic fraud upon the court only if the affidavit was wilfully false or made with reckless disregard for the truth, in which case the rule announced in *McGuinness* v. *Superior Court,* and in *Swallow* v. *Tungsten Products Co.,* would apply; but that

in the absence of such a showing of fraud, the mere use of an affidavit of personal service not in fact true, through some honest mistake of identity or for some reason compatible with good faith, is not extrinsic fraud, nor fraud at all, but presents the precise situation dealt with in *Smith* v. *Jones,* wherein the motion to set aside the judgment must be made within the time limited after the analogy of section 473.

Turning now to the case at bar, it is to be observed that neither in the notice of motion to vacate the judgment, nor in the affidavit filed with it, is there anything said in terms about any fraud, the only claim being that respondent was not in fact served; and that, therefore, there is strictly applicable the comment which in *Vaughn* v. *Pine Creek Tungsten Co.* the court made with regard to the inapplicability of the doctrine of the McGuinness case to the facts before it, namely, that "no fraud having been alleged, in the notice of motion herein, to have been committed on the court or by plaintiff, that case does not determine the proposition of law considered in the instant case". It is true that in replying to the counter-affidavit filed in appellant's behalf in the case at bar there is matter set up which might be taken as in a general way intended to impugn the good faith of various persons connected with appellant in the litigation but there is nothing in even this showing that tends to reflect on the good faith of Brackett, the process server who made the affidavit complained of, the utmost that could be claimed to be charged even by implication as against him being that he might have made some mistake in identity by serving one of respondent's teamsters instead of respondent.

From what has been said it follows that the order setting aside the judgment cannot stand. ■ There is nothing in the point that respondent will thereby be deprived of his property without due process of law. He has not been prevented from seeking reasonable relief in equity, and, had he done so, the time within which he would have been required to act would be different.

The order appealed from is reversed.

Barnard, P. J., and Jennings, J., concurred.