[L. A. No. 17767. In Bank. Feb. 19, 1942.]

A. M. KUPFER, Appellant, v. FRANK C. MACDONALD, as Chief of Division of Labor Statistics, etc., et al., Respondents.

Baldwin Robertson and Russell Breckenridge for Appellant.

Charles W. Fourl, Leo L. Schaumer and E. A. Lockmann for Respondents.

SHENK, J.—The plaintiff brought this action to set aside as void a judgment rendered against him in another action wherein no appeal had been taken from the judgment and the same had become final. Judgment was entered for the defendants and the plaintiff has appealed.

The judgment in the former action was rendered in favor of the Labor Commissioner of the State of California in an action brought by him in 1933 as assignee of labor claimants against Kupfer and Eustace. The judgment was for $803.19 and represented the amounts found to be due from the defendants on wage claims of the several assignors of the plaintiff in that action plus interest thereon and costs. In the present action it is alleged that the judgment was wholly satisfied by the payment by Eustace of the sum of $400 to the labor claimants, and that after such payment an assignment of the judgment was taken by Fourl, but in behalf of Kupfer's co-judgment debtor, Eustace. The grounds of the plaintiff's right to relief are alleged to be, first, that there had been full satisfaction of the judgment by virtue of the payment of $400 to the Labor Commission for the claimants; second, that extrinsic fraud was committed in the action in which the judgment was rendered whereby Kupfer was prevented by the plaintiff therein from making a defense claimed to be available to him

in that action, based on alleged false representations to Kupfer by the Labor Commissioner that assignments of the labor claims to him included claims against Kupfer, as employer; third, that purported assignments successively to Fourl, Martin and Levinson of the judgment after satisfaction thereof as aforesaid were a nullity; and fourth, that Fourl was acting for Eustace in the purported purchase of the judgment for $400 and in such event, the liability of Kupfer was for contribution only and not for the full amount of the judgment.

The trial court found that the allegations of assignment of the labor claims to the Labor Commissioner in the action brought by him were not false; that no deception was practiced upon Kupfer; that he was not prevented from making a full defense in said action; that Eustace did not purchase the judgment in favor of the labor claimants, but that Fourl purchased their claims and the judgment with his own funds and for his own account for the sum of $400; and that Eustace did not satisfy the judgment by payment of any funds.

The plaintiff on this appeal contends that the evidence shows, as a matter of law, that a case of extrinsic fraud or mistake was presented to the trial court which rendered the judgment for the labor claimants void. He bases that contention on some evidence that the assignments to the Labor Commissioner by the labor claimants did not name him as well as Eustace as an employer. Whether or not he was named as an employer in those assignments is not a question which can be litigated after the judgment in that action has become final. The court in that action had jurisdiction of the subject matter and of the defendant Kupfer, plaintiff herein. Kupfer appeared, answered the complaint and denied liability. Any question of the truth or falsity of the allegations of the assignment or otherwise as against him, or of the legal capacity of the Labor Commissioner to sue in the action, were issues which must be deemed to have been determined in that action and are concluded by the judgment therein. (*Kupfer* v. *Brawner, ante,* p. 562 [122 Pac. (2d) 268].) There was no evidence at the trial of the present action that the plaintiff (defendant in the prior action) was prevented either by fraud or mistake from making a full and complete defense to the claim of liability as against him.

Furthermore, the plaintiff does not contend that he was not liable on the labor claims or that he had a meritorious defense in the prior action. It is a necessary condition to the

allowance of relief from a judgment claimed to be void for extrinsic fraud that the party seeking such relief show that he had a defense to the action on the merits. (*Swallow* v. *Tungsten Products Co.*, 205 Cal. 207, 220 [270 Pac. 366].) Pursuant to that rule the plaintiff should have alleged and proved facts establishing that he was not liable on the claims for wages which were assigned to the Labor Commissioner, even though he was not named as an employer in the assignments thereof. Having failed to make such a showing he was also on that ground in no position to insist that the prior judgment be declared void.

The plaintiff contends that the evidence does not support the finding that the payment of $400 in satisfaction of the labor claims did not operate as a satisfaction of the judgment and that said sum was paid by Fourl on his own account and from his own funds as the purchase price of the judgment. He places his main reliance on a letter which was written by the attorney for the Labor Commissioner and addressed to the labor claimants setting forth an alleged offer by ''Katie M. Eustace for the full settlement of the judgment obtained by this department against her—of which your claim is a part—in the sum of $400.00.'' The letter was admitted in evidence over the defendants' objection on the ground that it was hearsay. Whatever effect the letter might have it could not overcome the evidence supporting the finding.

There is nothing in the record to warrant the conclusion that the trial court's findings on the issues of satisfaction and ownership of the judgment were erroneous.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.