T. J. CARR *et al.*, Respondents, v. THE SCHOOL DISTRICT OF BELTON, Appellant.

Kansas City Court of Appeals, November 10, 1890.

1. **Public Schools:** SERVICE OF PROCESS ON PRESIDENT OF BOARD. By force of the statute school districts are bodies corporate, and the president of the board of directors is plainly the "head officer ;" and, in the absence of a statute otherwise providing, there is implied authority, at common law, in such head officer to receive service of process in a suit against the corporation.

2 **Trial Practice :** SETTING ASIDE DEFAULT : DISCRETION OF THE COURT. Setting aside a default and permitting a defense out of time rests largely in the discretion of the trial court which will not be interfered with except in cases where arbitrarily and oppressively exercised. The facts of this case reviewed, and the action of the trial court, refusing to set aside a default, approved.

*Appeal from Cass Circuit Court.*—Hon. Chas. W. Sloan, Judge.

Affirmed.

*Noah M. Givan,* for appellant.

(1) A judgment rendered against a party not brought into court by service of process is *coram non judice* and void, even though the recital of service is contained in the judgment. *Cloud v. Pierce City,* 86 Mo. 358. (2) The service of process on the president of the school board of the school district of Belton, Cass county, Missouri, is not such service as to give the court jurisdiction to render a judgment against said district. Acts, 1887, pp. 261, 265; R. S. 1879, sec. 7067; Acts, 1883, p. 188; R. S., secs. 7072, 5007, 5010, 5021, 5022, 5023; *Cloud v. Pierce City,* 86 Mo. 358; 1 Dillon on Mun. Corp., secs. 23-26; *Heller v. Stremmell,* 52 Mo. 309; *State v. Leffingwell,* 54 Mo. 458; *Gilman v. County,* 8 Cal. 52; 68 Am. Dec. 290; *Hunsaker v. Borden,* 5 Cal. 288; 63 Am. Dec. 130; *People v. Ingersoll,* 58 N. Y. 1; 17 Am. Rep. 178; *Watertown v. Robinson,* 69 Wis. 230; *Alexandria v. Fairfax,* 5 Otto, 774; 24 L. C. P. 583; *Amy v. Watertown,* 130 U. S. 308; 32 L. C. P. 946; *Trans. Co. v. Whittaker,* 16 Wis. 234, side page 221; *United States v. Tel. Co.,* 29 Fed. Rep. 17; 4 Am. & Eng. Ency. of Law, 283 and 284. (3). Defendant's second motion to set aside the interlocutory judgment should have been sustained, for the reasons: *First,* the court had no jurisdiction of the defendant; *second,* said motion on the merits presented good cause for setting aside said judgment. R. S. 1889, secs. 2210, 3157; Const. Mo., sec. 12, art. 10; *Crutchfield v. Warrensburg,* 30 Mo. App. 456; *Johnson v. School District,* 67 Mo. 319; *State to use v. Tiedeman,* 69 Mo. 515.

*R. T. Railey* and *James T. Burney*, for respondents.

(1) The service of process on the president of the school district of Belton, Cass county, Missouri, is proper service, and gave the court jurisdiction to render judgment against said district. Morawetz on Private Corp., sec. 979 ; *Cloud v. Pierce City*, 86 Mo. 358 ; R. S., sec. 8083; *Puterbaugh v. Board of Ed.*, 53 Mo. 472 ; *Page v. Board of Ed.*, 59 Mo. 264 ; *Thompson v. School District*, 71 Mo. 495. (2) Considering all the facts as presented in the affidavits on the second motion to set aside the judgment by default, it is plain that the court exercised a wise discretion in overruling the motion. This court will not interfere with that ruling, unless it appears that the same was unmistakably wrong. *State ex rel. v. Griffith*, 63 Mo. 545 ; *Lamb v. Nelson*, 34 Mo. 501 ; *Jacob v. McLean*, 24 Mo. 40 ; *Pry v. Railroad*, 73 Mo. 123 ; *Florey v. Uhrig's Adm'r*, 35 Mo. 517 ; *Hovey v. Sauer*, 50 Mo. 301.

GILL, J.—This action was brought by plaintiffs against the defendant for a balance due for building a schoolhouse. Process was served by delivering a copy of the petition and summons to the president of the school board of·defendant at his office and place of business in said school district. No appearance was entered by defendant, and at the return term judgment by default was rendered against it. At the following term, and before a final judgment, a motion to set aside the default, on the ground that there had been no legal service of process, was filed by defendant and by the court overruled. Thereafter another motion, covering the same ground and other alleged reasons, was filed, with an affidavit in support thereof. Plaintiffs filed counter-affidavits, and upon the hearing thereof this motion was overruled.

After final judgment had in the cause, defendant brings the same here by appeal.

I.   Defendant's counsel, for reversal of this judg-ment, relies mainly on the contention that service of process on the president of the school board is not such as to give jurisdiction over the defendant.   We have examined in detail the various authorities cited by counsel to sustain this position, and hold against said contention.   It is true that the school law provides for no specific manner of service, as is the case with some other corporations; yet it does not follow therefrom that a school district cannot be brought into court to answer the complaints of its creditors.   By force of the statute, the school district of Belton had become, on its organization, " a body corporate," and in its corporate name may sue and be sued, etc.   R. S. 1889, sec. 8083. A board of directors is likewise provided for the man-agement of the affairs of said corporation, from which a president or chief officer is selected.   This president of the board is plainly the "head officer" of the corporate body, and, in the absence of a statute otherwise pro-viding, there is an implied authority, at common law, in this head officer to receive service of process in a suit against the corporation.   *Cloud v. Inhabitants of Pierce City*, 86 Mo. 357; 1 Tidd, Pr. 161; 2. Morawetz on Corp., sec. 979.   Without further discussion, then, which we deem unnecessary, we hold, with the circuit court, that legal process was served on the defendant corporation, and it was bound to answer.

II.   Admitting, then, legal service, was the lower court in error when it refused to set aside the judgment by default?   It is well understood that the matter of excusing a defaulting defendant, and permitting a defense out of time, rests largely in the discretion of the trial court.   The appellate courts will not interfere except where it manifestly appears that such discretion · has been arbitrarily and oppressively exercised.   In this case we discover nothing to warrant our interfer-ence.   It seems, indeed, that this defendant ( as repre-sented by a majority of its directors ) did not think it

just or proper to make any defense to the claim of these plaintiffs. Four of the six directors conferred together after service of process on the president, and concluded the claim was a just one, should be paid, and that no defense should be interposed by the corporation. We see no reason to differ even with the court's action in this regard.

With the concurrence of the other judges, the judgment of the circuit court is affirmed.