7788

SCHOOL DISTRICT v. FOWLES.

MAGISTRATE COURT.—JUDGMENT AGAINST A SCHOOL DISTRICT by magistrate court on service of process on one of the trustees where the judgment recites service on the defendant although the proof of service does not say he is such trustee is binding on the district.

Before DEVORE, J., Richland, May, 1910.    Reversed.

*Certiorari* proceedings by School District No. 9, of Richland county, against James H. Fowles, Jr. magistrate, and John C. Weir.    Defendants appeal.

*Mr. D. W. Robinson,* for appellant, cites: *Omission in return did not render the judgment invalid:* 22 S. C. 119; 23 S. C. 167.    *Return of service could be amended:* Code, 194; 14 S. C. 226; 57 S. C. 558; 26 S. E. 187; 32 S. C. 319.

*Messrs. Thomas & Lumpkin,* contra.    Oral argument.

February 27, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. The question presented by the exceptions is whether his Honor, the Circuit Judge, erred in ruling that the judgment by default, rendered by the magistrate against school district No. 9, of Richland county, was void on the ground, that it does not appear upon the face of the proceedings that the magistrate acquired jurisdiction of said defendant, inasmuch as the return does not show that Eargle, upon whom a copy of the summons and complaint was served, was a trustee of the said school district.

The proof of service was as follows:

"E. T. Grimsley, being first duly sworn, says:

"That he served the summons and complaint in this action, on the defendant, by delivering to H. A. Eargle and leaving with him the copy of the same at Columbia, S. C., Richland county, on the 5th day of March, A. D. 1910, and that deponent is not a party to this action."

After the commencement of *certiorari* proceedings herein, F. T. Grimsley made the following affidavit:

"F. T. Grimsley, being first duly sworn, says:

"That he served the summons and complaint in the action, entitled John C. Weir v. School District No. 9, of Richland county, by request and direction of James H. Fowles, magistrate. That he was advised by said J. H. Fowles, and is informed and believes, that H. A. Eargle was, at the time said summons and complaint was served upon him, and still is, one of the trustees of school district No. 9, of Richland county.

"That said summons and complaint was served on H. A. Eargle because he was such trustee, and in his official capacity as a trustee; but the word 'trustee' was not added after the name of the said Eargle, in proof of service by an oversight."

After the commencement of said proceedings W. T. J. Lever made an affidavit in which he said:

"That at the time suit of John C. Weir v. School District No. 9, of Richland county, the State of South Carolina, was brought, the trustees of school district No. 9 consisted of this deponent, who was chairman, and one H. A. Eargle. W. E. Hinnant had been a member of the board and was the secretary, but he had resigned. I have recently been informed that the summons and complaint, in the case of John C. Weir v. School District No. 9, of Richland county, the State of South Carolina, was served upon H. A. Eargle."

The judgment rendered by the magistrate was as follows:

"More than twenty days have elapsed, since the service hereof, and the defendant failing to plead or appear; now, on evidence taken, I find for the plaintiff forty-two dollars, and it is ordered that plaintiff have judgment against the defendant for forty-two dollars and for the costs of this action.    (Signed) James H. Fowles,

Magistrate."

The presiding Judge, in his order declaring that the judgment rendered by the magistrate should be set aside, states that the hearing before him was upon the record in the magistrate's court, the complaint, the answer, and the foregoing affidavits; also, that proof of the service of the summons and complaint showed, that the summons was delivered to H. A. Eargle.

There are two reasons why the judgment of the Circuit Court should be reversed.

First. The affidavits, which were introduced without objection, and were considered by the Circuit Judge, show, that the magistrate did acquire jurisdiction of the defendant.

Second. The judgment rendered by the magistrate recites the fact of service upon the school district.

A return of process, defective on its face, in that it does not show the relation of the person served, to the defendant corporation, is cured by a recital in the judgment, that the defendant had been duly and legally served. *Ford* v. *Delta & Pine Land Co.,* 43 Fed. 181.

In that case the Court says: "The next question to be considered is, as to the effect of the judgment, sale and conveyance under which complainants assert title to, the lands in controversy. It is insisted upon the part of the defendants, that the judgment was void; for two reasons: First. Because the return of the marshal does not show that R. A. Murdock, upon whom the process was served, was in any way connected with the Selma, Marion and Memphis Railroad Company * * *. As to the first of these objections, the judgment entry recites that the Court was satisfied the process had been properly executed, which must be understood to mean that it was executed upon the proper person, and this would not have been the case, if Murdoch was not at the time connected with the corporation, in such way, as that service upon him would bind the corporation."

It is the judgment of this Court that the judgment of the Circuit Court be reversed.