[Civ. No. 11974. First Dist., Div. One. Oct. 19, 1942.]

BEN PARKER et al., Appellants, v. SHELL OIL COM-
PANY (a Corporation), Respondent.

Joseph W. Bernal and Edward E. Craig for Appellants.

McCutchen, Olney, Mannon & Greene and Henry V. Colby for Respondent.

PETERS, P. J.—Plaintiffs brought this action to recover certain sums of money alleged to be due from defendant. The second amended complaint alleges in the first cause of action, that on January 15, 1932, the parties entered into a lease whereby plaintiffs leased to defendant certain designated real property on which a gasoline station had been erected; that the lease was for a definite term of three years, and thereafter. from year to year until terminated by notice; that under the terms of the lease defendant agreed to pay the plaintiffs as rent one cent a gallon for each gallon of gasoline delivered by defendant to plaintiffs under the terms of said lease; that from January 15, 1932, to August 1, 1936, there was delivered by defendant to plaintiff 490,195 gallons of gasoline under the lease; that as a result there became due as rent the sum of

$4,901.96 of which but $1,642.93 has been paid; that by the terms of the lease the rent was payable in cash or by credit upon delivery of the gasoline to plaintiffs or on the 20th day of the calendar month next following; that there is now due and owing to plaintiffs as rent the sum of $3,259.02.

As a second "separate and distinct" cause of action plaintiffs alleged that within four years last past defendant became indebted to plaintiffs upon a balance due upon an open mutual and current account in the sum of $3,259.02. The original complaint was filed on June 7, 1940.

After its demurrer had been overruled, defendant, by its answer, admitted entering into the lease on January 15, 1932, and a copy of the lease is pleaded as an exhibit. It then alleged that contemporaneously with the execution of the lease the parties entered into a lease and consignment contract (which is also pleaded as an exhibit) whereby defendant sublet the leased premises to plaintiffs and appointed plaintiffs its agent to sell gasoline delivered to them by defendant; that by the lease and consignment agreement it was provided that, for each gallon of gasoline delivered, defendant would pay plaintiffs a commission, which, after adding thereto the rental provided by any other agreement, should equal the combined commission or rental generally allowed by defendant to other dealers in the general area similarly situated, and provided, further, that such combined commission and rental should be as high as that generally allowed by the majority of the five major marketing companies to agents similarly situated. The answer further alleged that on February 20, 1932, the parties entered into a separate agreement (which is also pleaded as an exhibit) in reference to third structure gasoline. It is admitted that 490,195 gallons of gasoline were delivered to plaintiffs between January 15, 1932, and July 24, 1936, but it is alleged that for each gallon delivered, defendant paid plaintiffs the commission called for by the lease and consignment agreement; that the lease, and lease and consignment agreement were terminated by mutual consent on July 25, 1936.

Defendant, as to both causes of action, also pleaded the pertinent provisions of the statute of limitations, set up some affirmative defenses, and, by way of counterclaim, alleged an account stated as of August 26, 1936, showing a balance of $1,311.16 owing by plaintiffs to defendant.

Prior to trial, defendant, as permitted by section 1000 of the Code of Civil Procedure, moved the trial court for an order directing the plaintiffs to give defendant the right to inspect and copy all the entries comprising the open, mutual

and current account pleaded. That order, in due course, was granted by the lower court. Thereafter, defendant, purporting to act under section 1000 of the Code of Civil Procedure, moved for an order excluding evidence of the entries of the account on the ground that plaintiffs had refused to comply with the order of the court for an inspection. By the affidavit accompanying the motion, the attorney for defendant avers that plaintiffs, pursuant to the order of inspection, produced certain papers consisting of copies of delivery invoices, the originals of cash receipts and the originals of numerous monthly statements; that counsel for plaintiffs informed counsel for defendant that these documents were the documents relied upon to show the open, mutual and current account. It is then averred that these documents do not constitute an open, mutual and current account. Attorney for plaintiffs filed a counter-affidavit in which he alleged that the documents exhibited to counsel for defendant showed debits and credits between plaintiffs and defendant. After hearing the motion, the lower court granted the same by an order providing that the "entries of said alleged open mutual and current account be and they hereby are excluded from being given in evidence at the trial of said action in support of said second cause of action."

Thereafter, the cause proceeded to trial before a jury before another department of the court presided over by another judge. In a pre-trial hearing outside the presence of the jury, it became obvious that the first cause of action, predicated on the written lease, except for a period of three months, was barred by the statute of limitations. (§337, subd. 1, Code Civ. Proc.) At the trial there were admitted in evidence invoices for deliveries made in May, June and July, 1936, but as to any evidence of deliveries prior to that time the court sustained objections based on the statute of limitations. So far as the first cause of action is concerned, there is no doubt that such rulings were correct, and appellants make no objection thereto. The respondent abandoned its counterclaim, and stipulated that judgment could be entered against it for the three-month period.

As to the second cause of action, the trial judge refused to admit any evidence at all, on the ground that the prior order of the judge hearing the motion was binding upon him. The plaintiffs were thus precluded from offering any evidence on their second cause of action. As a result of these rulings, judgment was entered in favor of plaintiffs in the

52

amount of $168.35, representing the three months' deliveries not barred by the statute of limitations. Plaintiffs appeal.

Appellants' major contention on this appeal is that the order of the motion judge under section 1000 of the Code of Civil Procedure was void, and therefore not binding on the trial judge. Appellants urge that they were entitled to have the trial court pass upon the legal sufficiency of the various documents which they contend constituted their open, mutual and current account. With this contention we agree.

■ Section 1000 of the Code of Civil Procedure was intended to provide a remedy in the nature of a bill of discovery. (*Levy* v. *Superior Court*, 105 Cal. 600 [38 P. 965, 29 L.R.A. 811].) The section reads as follows: "Any court in which an action is pending, or a judge or justice thereof may, upon notice, order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy, of entries of accounts in any book, or of any document or paper in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein. If compliance with the order be refused, the court may exclude the entries of accounts of the book, or the document, or paper from being given in evidence, or if wanted as evidence by the party applying may direct the jury to presume them to be such as he alleges them to be; and the court may also punish the party refusing for a contempt. This section is not to be construed to prevent a party from compelling another to produce books, papers, or documents when he is examined as a witness." The section is remedial in nature and should be liberally construed to accomplish its purposes. (*Union Trust Co.* v. *Superior Court*, 11 Cal.2d 449 [81 P.2d 150, 118 A.L.R. 259]; *Austin* v. *Turrentine*, 30 Cal.App.2d 750 [87 P.2d 72].) But a liberal construction cannot supply a remedy or impose a penalty not expressly or impliedly contained in the statute. It will be noted that if a party improperly refuses to present the requested documents for inspection, the statute provides for three sanctions: (1) The documents not produced may be excluded from evidence; (2) a presumption is created that the documents are as alleged by the party seeking inspection; and (3) the person so refusing is punishable in a contempt proceeding. ■ There is nothing in the statute to indicate that the Legislature ever intended that the court, in such a proceeding, should pass on the relevancy or the sufficiency of the documents to prove the allegations of the party relying on them. In fact, the nature of the sanctions provided

in the statute demonstrates to a certainty that no such power was intended to be conferred. Although we have no doubt, in a proper case, that the trial court could order that no documents described in the affidavit in support of the order except those produced could be introduced in evidence at the trial, we are clearly convinced that when, in response to the order of inspection, the requested documents are produced, the trial court has no power to pass on the admissibility or sufficiency of such documents in such proceeding. That is exactly what the motion judge here purported to do. The appellants produced the documents upon which they rely to show their alleged open, mutual and current account. The motion judge, on motion of respondent, then made an order purporting to exclude those documents from evidence. Presumably, that order was made because the motion judge believed that such documents, as a matter of law, did not constitute an account of the type alleged. Regardless of the correctness of that conclusion, the motion judge was without power, in such a proceeding, to pass on the legal sufficiency of the produced documents. ■ Where a statute authorizes a prescribed procedure, and the court acts contrary to the authority conferred, it has exceeded its jurisdiction, and the order so made is void. (*Rodman* v. *Superior Court*, 13 Cal.2d 262 [89 P.2d 109]; *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715].) ■ Inasmuch as the order of the motion judge was void, the trial judge was not bound by it. When the trial judge refused to permit plaintiffs to offer evidence on their second cause of action, he did so on the ground that he was bound by the order of the motion judge. This ruling was erroneous. That it was prejudicial is obvious. The documents were not excluded because of any inherent defect, or because they were not relevant or competent. They were obviously admissible. Whether they were legally sufficient to prove the allegations of the complaint for which they were offered is another question, which we are not here called upon to discuss. The point is, that appellants were entitled to offer such documents in evidence, and have the trial court pass upon their sufficiency. By reason of the void order of the motion judge, upon which the trial judge erroneously relied, appellants were deprived of the opportunity of trying to prove their alleged cause of action. For this prejudicial error the cause must be reversed.

■ Respondent strenuously objects to any consideration being given to any of the affidavits supporting the motions made under section 1000 of the Code of Civil Procedure, urging that

such documents are not properly before us. The transcript, as originally filed, included the order of the motion judge excluding the documents from evidence. By motion for diminution, appellants sought to add to the record the notice of motion for order of inspection, the respondent's jurisdictional and supporting affidavit, the affidavit of service, the order for inspection, the notice of motion for order excluding evidence, respondent's supporting and appellants' opposing affidavits. Over the opposition of respondent, the motion was granted, the documents being ordered filed upon certification by the clerk under section 953 of the Code of Civil Procedure, the order expressly reciting that it left open the question as to the sufficiency of the certification of such documents. Thereafter, respondent moved to dismiss the appeal on the ground there was no proper record upon which this court could pass upon the propriety of the order of the motion judge. The motion was denied.

Aside from the supplemental clerk's transcript, enough appears in the transcript certified to by the trial judge to determine just what took place before the motion judge. The order of the motion judge appears in the record, and all the circumstances under which it had been secured were fully discussed before the trial judge. In the second place, section 953 of the Code of Civil Procedure provides: ". . . If it appear that there is any paper or record in the custody of the clerk of the trial court which was before the trial court but which is not included in the record on appeal, and an examination of such paper or record will assist in a determination of the appeal on its merits, the court in which the appeal is pending may, on motion of either party, or on its own motion, require the production of a certified copy of such paper or record, and the same shall thereupon be deemed a part of the record on appeal." The documents here involved were "in the custody of the clerk of the trial court" and they were documents that were "before the trial court" but were "not included in the record on appeal," and an examination of such documents obviously would "assist in a determination of the appeal on its merits." The reason why those documents did not appear in the original transcript was, according to the moving papers filed on the motion for diminution, that the trial judge refused to certify them on the ground they involved matters not heard before him, and the motion judge refused to certify them on the ground that he had lost jurisdiction to certify them when the record was filed with the appellate court. Of course, appellants

could have proceeded to secure such certification by writ of mandate, but they were not required to pursue that remedy, which, under the circumstances, would have been cumbersome and would have appreciably delayed the appeal. On the hearing of the motion for diminution, counsel for respondent were asked to designate any other documents they desired in order to complete the record. They designated none. Under such circumstances, section 953 of the Code of Civil Procedure confers ample power on the appellate court to secure such documents upon the clerk's certification. The very purpose of the section was to permit the appellate court to secure copies of documents in the custody of the clerk without the necessity of a mandamus proceeding.

The major contention of respondent is, that, even if the order of the motion judge was void, no prejudice to appellants occurred because the offered documents, as a matter of law, would not constitute an open, mutual, and current account. This contention is predicated on the argument that the account pleaded in the second count is based on the lease pleaded in the first, and that the law will not permit a person, where his claim on express contract is barred by the statute of limitations, to evade the statute by the device of pleading that claim as an open account. That is undoubtedly the law. (*Tillson* v. *Peters*, 41 Cal.App.2d 671 [107 P.2d 434] ; *Cleaveland* v. *Inter-City Parcel Ser.*, 22 Cal.App.2d 574 [72 P.2d 179] ; *Lee* v. *DeForest*, 22 Cal.App.2d 351 [71 P.2d 285] ; *Stewart* v. *Claudius*, 19 Cal.App.2d 349 [65 P.2d 933] ; *People* v. *California S. Deposit etc. Co.*, 41 Cal.App. 727 [183 P. 289].) If the proffered evidence should show that appellants' second cause of action is for the rent due under the lease pleaded in the first, these cases would be authority for the proposition that no open account, as required by section 337, subdivision 2, of the Code of Civil Procedure, existed. But the record does not show that. Certainly, there is nothing in the second amended complaint to indicate that the two causes of action are identical, except the identity of the amounts sued for, and that, alone, is not sufficient. The defendant itself pleaded two other agreements between the parties. From the evidence that was introduced, it is apparent that respondent was selling products to appellants, some covered by the lease, some by the lease and consignment agreement, some covered by the agreement as to third structure gasoline, and some by oral arrangements. Some of the provisions contained in these agreements are ambiguous. It also appears that monthly debits and credits existed between the parties.

The excluded documents might, under such circumstances, show an open account. We now have no way of knowing what those documents will show. While, normally, errors in the exclusion of documentary evidence will not be considered unless the offered documents or some statement concerning them appear in the record (2 Cal.Jur., p. 696, § 400), that rule does not apply to this case. In this case, appellants were prohibited from offering evidence on the trial by reason of a void order secured by respondent prior to trial. Respondent is responsible for the present status of this appeal. It made the motion to exclude evidence of the account and secured the void order. Then it successfully argued that that order was binding on the trial court, and secured a ruling that no evidence on the second count could be introduced. Under such circumstances, it should not now be permitted to contend that appellants should have seen to it that the documents constituting the alleged account appear in the record. Appellants were entitled to a trial of the issues presented by the second count. By the action of the trial court, on argument of respondent, they were deprived of such trial. Such error is prejudicial as a matter of law.

The judgment appealed from is reversed.

Knight, J., and Ward, J., concurred.