[Civ. No. 12267.   First Dist., Div. One.   May 4, 1943.]

EDGAR J. GOULD, a Minor, etc., Appellant, v. RICHMOND SCHOOL DISTRICT, Respondent.

Fabian D. Brown and Kenneth C. Zwerin for Appellant.

Tinning & DeLap, Francis P. Healey, District Attorney, and Homer W. Patterson, Deputy District Attorney, for Respondent.

KNIGHT, J.—Plaintiff appeals from an order granting a motion to vacate and set aside the default of the defendant, Richmond School District, and the judgment entered against the district pursuant thereto, in an action to recover damages for personal injuries alleged to have been sustained by plaintiff while on school premises under the control of the district.

The default was entered on July 3, 1941, and the judgment on February 26, 1942. The school board consisted of three members, two of whom were never served with summons, and knew nothing about the existence of the action until after the entry of judgment. Within two months after the entry of judgment and on April 15, 1942, the district presented its motion to vacate and set aside the default and the judgment upon the ground that the defendant school district had not been served with summons and that therefore the trial court was without jurisdiction to enter the judgment. On April 20, 1942, the motion was granted.

The sole contention urged for reversal in plaintiff's opening brief was that defendant's motion constituted a collateral attack on the judgment and that therefore defendant was not permitted to go behind the recital in the judgment that "the summons and complaint were duly and regularly served upon the defendant . . ." There is no merit in the contention.

As pointed out in defendant's brief, the authorities of this state definitely hold (1) that the relief sought by a motion of this kind may be granted, as provided in section 473a (formerly part of sec. 473) of the Code of Civil Procedure, at any time within one year after the rendition of the judgment; and (2) that such a motion is a direct and not a collateral attack upon the judgment and therefore the moving party may show in contradiction of the recitals in the judgment that the judgment was rendered without having first acquired jurisdiction over the person of the defendant.

Among the authorities cited by defendant supporting the first point are the following: 14 Cal.Jur. 1062; *Penland* v. *Goodman,* 44 Cal.App.2d 14 [111 P.2d 913] ; *Smith* v. *Jones,* 174 Cal. 513 [163 P. 890] ; *Barnett* v. *Reynolds,* 124 Cal.App. 750 [13 P.2d 514] ; *Vaughn* v. *Pine Creek Tungsten Co.,* 89 Cal.App. 759 [265 P. 491] ; *Richert* v. *Benson Lumber Co.,* 139 Cal.App. 671 [34 P.2d 840] ; *Estate of Estrem,* 16 Cal.2d 563 [107 P.2d 36] ; *Sharp* v. *Eagle Lake Lumber Co.,* 60 Cal.

App. 386 [212 P. 933] ; *Waller* v. *Weston,* 125 Cal. 201 [57 P. 892]. In the case of *Penland* v. *Goodman, supra,* the court said : ''The sole legal question involved, therefore, is whether a party against whom a default judgment was entered and who was not served with summons and complaint may, within a year after the entry of a judgment based upon an alleged service, have the same set aside on motion under the provisions of sections 473 and 473a of our Code of Civil Procedure. There are many California cases directly in point on this matter and we have not found any conflict in the decisions with respect to the right of a person to set aside such a judgment within a year after its entry. . . . However, the power and authority of a court to vacate a judgment not void on the face of the judgment roll but void *in fact* for want of jurisdiction of the person of the defendant by reason of nonservice of process upon such defendant, exists independently of the provisions of section 473 of the Code of Civil Procedure or of any other statutory provisions, if the motion is made within a reasonable time." And in the case of *Barnett* v. *Reynolds, supra,* the court in dealing with a similar motion put it this way : "The contention of appellant that the motion was one made under the provisions of section 473 of the Code of Civil Procedure, and was therefore barred by the limitation contained in said section, having been made more than six months after the entry of judgment, is without merit. The motion though not made within six months of the entry of judgment was made within less than one year therefrom. Where, as here, the motion to set aside a default judgment is made upon grounds not specified in section 473 of the Code of Civil Procedure, but is one addressed to the general equity powers of the court, it must be made within a reasonable time. Under circumstances similar to those presented in the instant case, it has been held that one year was a reasonable time within which to make the motion."

The following are some of the authorities holding that a motion of this kind is a direct and not a collateral attack : *Norton* v. *Atchison etc. R. R. Co.,* 97 Cal. 388 [30 P. 585, 32 P. 452, 33 Am.St.Rep. 198] ; *Vaughn* v. *Pine Creek Tungsten Co., supra; Sharp* v. *Eagle Lake Lumber Co., supra; In re Dahnke,* 64 Cal.App. 555 [222 P. 381] ; 15 Cal.Jur. pp. 46, 47. As claimed by defendant, the cases last cited hold uniformly that a motion to vacate a default judgment upon the ground

of want of jurisdiction because of failure to serve process is a direct and not a collateral attack on the judgment; and that even though the judgment is valid on its face and recites due service of process, it may be shown, in support of the motion, by evidence dehors the record, that the defendant was actually not served; and that the recitals in the judgment are not conclusive and that the collateral attack rule has no application; also that the relief may be granted at any time within one year from the rendition of the judgment. So clearly do those cases so hold that quotations therefrom or comment thereon would seem wholly unnecessary.

The authorities cited by plaintiff are not in point for the reason that they did not involve motions to vacate made within the time prescribed by law. They are cases in which it was held that the applications were made too late or where the question of jurisdiction was raised in a collateral proceeding and therefore constituted a collateral attack.

In plaintiff's closing brief, filed several days prior to oral argument, he questioned for the first time the soundness of the trial court's finding that the defendant was not served with summons. As said in the following cases, points raised at this state of the proceeding for the first time have been refused consideration by reviewing courts unless some meritorious reason is shown why they were not made in the opening brief. (*Monk* v. *Ehret*, 192 Cal. 186 [219 P. 452]; *Kahn* v. *Wilson*, 120 Cal. 643 [53 P. 24]; 2 Cal.Jur. 734.) Moreover, the appeal herein is presented on a bill of exceptions, which does not set forth a copy of the judgment containing the recitals relied on by plaintiff, nor is there anything of an evidentiary character set forth in the bill showing that summons was ever served on any person. It does affirmatively appear from the bill that there were three duly qualified and acting members of the school board, and the affidavits of two of them, namely, Patterson and Fraser, are set forth in the bill, in which they aver that they were never served with summons and knew nothing of the existence of the action until after the entry of the judgment. The transcript on appeal, besides embodying a copy of the bill of exceptions contains without any certification by the trial judge or the county clerk copies of certain papers, most of which go to make up the judgment roll and among them is a copy of the affidavit of the service of summons on J. O. Ford, president of the

school board. In view of that state of the record, defendant, in its brief and at the time of oral argument, strenuously contended that inasmuch as the judgment and affidavit of service of summons on Ford were not incorporated in the bill of exceptions, the contents of neither could be considered in the determination of any issue raised by the appeal. In reply to defendant's contention plaintiff argued that since it appeared from the bill of exceptions that said judgment and said affidavit of service were considered by the trial court in the determination of the question of whether there was a valid service of summons in the action, and that said judgment and affidavit of service were in the possession of the clerk of the trial court, it was within the province of this court to order certified copies thereof to be filed in this court for the purpose of assisting the court in the disposal of the appeal. (*Parker* v. *Shell Oil Co.*, 55 Cal.App.2d 48 [130 P. 2d 158].) Thereafter, to obtain such an order, plaintiff filed a motion for diminution of the record.

Assuming for all the purposes of this appeal that plaintiff is entitled to urge the point of the unsoundness of the trial court's finding and that the state of the record is such that this court is permitted to consider the contents of the judgment and the affidavit of service of summons, we agree with the trial court's conclusion that there was no such service of process in the action as gave the trial court jurisdiction to enter the default or the judgment. In Corpus Juris (vol. 56, p. 789) the rule is stated as follows: ''Where the suit is against a corporate school board, and there is no statute governing the matter, process should be served upon each member of the board in his official capacity'' (citing authorities) ; and in this state there is no statute governing the matter. Section 411 of the Code of Civil Procedure prescribes how and upon whom service of summons in a civil action must be made. The section contains seven separate subdivisions. The first, second and sixth pertain to suits brought against domestic and foreign corporations, and corporations which have forfeited their charters. The third and fourth subdivisions have to do with suits against minors and persons of unsound mind. The fifth covers actions brought against ''a county, city or town,'' and provides that in such cases the summons must be served by delivering a copy ''To the president of the board of supervisors, president of the

council or trustees, or other head of the legislative department thereof.'' The seventh subdivision provides generally that ''In all other cases'' the summons must be served on ''the defendant personally.''

█ Domestic and foreign corporations are specifically defined by the Civil Code (secs. 278 and 405); and obviously a school district cannot be classed as either. Nor is it a county, city or town. It is said to be a political subdivision of the state, but as such is an independent and separate governmental agency distinct from the county, city or town in which it is wholly or in part territorially situated. (*Ward* v. *San Diego School District*, 203 Cal. 712 [265 P. 821]; *Skelly* v. *Westminster School District*, 103 Cal. 652 [37 P. 643].) By virtue of charter provisions of the city of Richmond, the school board of the defendant Richmond School District is designated as a board of education; nevertheless the duties and powers it may exercise are the same as those fixed by the general law for governing boards of trustees of school districts, and under the general law members of a school board are not permitted to act individually or singly; they must act as a board. In this connection attention may be called to section 2.141 of the School Code, which provides: ''In the name by which the district is designated *the trustees* may sue and be sued, and hold and convey property for the use and benefit of such school district.'' (Italics ours.) █ Therefore, since in the absence of specific statutory authority a member of the board acting singly has not the power to incur any liability against the district, it would seem to follow necessarily that in the absence of specific statutory authority a court may not acquire jurisdiction to fasten a liability on the district where only one member of the board has been served with process. To hold otherwise would, in our opinion, establish a dangerous judicial rule; and this is clearly demonstrated by the situation presented by this case. The summons was served on only one member of the board, and the other two members knew nothing of the existence of the action until after the judgment was entered. That was more than eight months after the service of the summons on Ford. No explanation is disclosed by the record as to why he did not notify either of the other members of the board, nor is any reason given for not having served summons on either of the other members. The result was that through the apparent inadvertence or neglect of the one member of the board who was served with

summons, a default judgment for $40,000 was obtained against the school district.

Plaintiff seems to contend that as in cases of actions against municipalities, if the summons is served on the president of a school board it is legally sufficient to give the court jurisdiction over the school district. It is apparent, however, that if the Legislature had intended such to be the law it would have inserted the words "or school district" immediately after the word "town" in subdivision 5 of said section 411 of the Code of Civil Procedure; and not having done so it is beyond the power of the courts to rewrite the subdivision and insert those words by way of judicial decision. The Missouri case emphasized by plaintiff (*Carr* v. *School District of Belton,* 42 Mo.App. 154) appears to be based on some statute in that state which authorized the service of summons in an action against "a body corporate" to be made on the "head officer" of the body corporate. And the basic ground for the decision in the other case relied upon by plaintiff (*School District No. 9 of Richmond County* v. *Fowles,* 87 S.C. 552 [70 S.E. 315]) was that the recitals in the judgment as to service of summons were conclusive. For these reasons we do not deem either of those cases here controlling. Nor under the school law of this state may it be held, as plaintiff seems to argue, that the president of the school board by virtue of his position is given any implied power to accept service of summons in behalf of the district.

It may be that in some cases peculiar or unforeseen conditions might exist which would make it impossible to obtain service of summons on each and every member of the school board; and that in such case it properly could be held that service on a majority of the members of the board would be legally sufficient to acquire jurisdiction over the school district. But we are not here confronted with any such situation, for as already pointed out, no reason whatever is suggested by the record why either of the other two members of the board was not served with summons. It is our conclusion, therefore, that under the facts here presented, the trial court properly held that service of summons on one member of the board, even though he was the president of the board, was not service of summons on the defendant school district.

For the reasons stated the order appealed from is affirmed;

and the motion for diminution of record is dismissed, the purpose thereof having become moot.

Ward, J., concurred.

PETERS, P. J.—I dissent. It appears from the motion for diminution of the record that there are in the custody of the clerk of the trial court certain papers that were before the trial judge on the motion to set aside the default which were inadvertently not included in the bill of exceptions; that among such papers are the complaint with the certificate of the entry of default, the summons with the return of service, and the judgment; that an examination of such papers will assist in the determination of this appeal. All these documents were mistakenly included within a judgment roll certified by the clerk alone. Under such circumstances there can be no doubt that such documents should be ordered produced, and should be considered on this appeal. (Sec. 953, Code Civ. Proc.; *Parker* v. *Shell Oil Co.,* 55 Cal.App.2d 48 [130 P.2d 158].)

The certificate of the entry of default, one of the documents, recites that "In this action, the defendant Richmond School District . . . having been regularly served with process, and having failed to appear and answer the Plaintiff's Complaint on file herein, and the time allowed by law for answering having expired, the default of said Defendant . . . is hereby duly entered according to law." The return of service attached to the summons recites that Carl Stender "received the annexed Summons on the 20th day of June, 1941, and personally served the same, together with a copy of the complaint in said action on Richmond School District, one of the defendants named in said summons, by delivering to and leaving with J. O. Ford, President of Richmond School District, County of Contra Costa, State of California, said defendant personally, on the 20th day of June, 1941, in said County of Contra Costa, State of California, a copy of said Summons and a copy of said complaint." The judgment of the court recites that it appears "to the satisfaction of the above entitled Court that the Summons and Complaint were duly and regularly served upon the defendant herein," and that the default was duly and properly entered. These recitals are not challenged by respondent. Its motion to set aside the default judgment was predicated on the sole ground that

the "judgment is null and void for the reason that the above entitled Court did not at the time of entering of said default and said judgment, nor at any other time, have jurisdiction of the person of said defendant." The motion was supported by the affidavits of Fraser and Patterson, the other two members of the board, that they had not been personally served. The order setting aside the default from which this appeal is taken was predicated on the sole ground that "the defendant was not served with summons in this action on the 20th day of June, 1941, or at any other time whatsoever, and that the court is without jurisdiction of the person of the defendant in this action." There was no showing why Ford, after he was served, took no steps to see to it that the board filed an answer.

The record shows that the default was entered July 3, 1941, that the judgment was entered February 26, 1942, and that the motion to set the default aside was filed April 8, 1942. Thus, the time within which the default could be set aside for mistake, inadvertence, or neglect under section 473 of the Code of Civil Procedure, had expired. It is thus apparent that the record demonstrates to a certainty that the basic question presented to and decided by the trial court was that service on Ford, the president of the board, as a matter of law, was not service on the district. With this holding I disagree.

There is no express statutory provision either in the School Code or in the general law relating to the manner of service of process on a school district. However, this state has adopted a definite statutory policy in reference to service on domestic corporations and on most governmental bodies. Thus, subdivision 1, section 411, of the Code of Civil Procedure, provides that a domestic corporation may be served by delivering a copy of the summons upon "the president or other head of the corporation" or upon certain other designated officers. Subdivision 5 of the section provides that a "county, city, or town" may be served by delivering a copy of the summons "to the president of the board of supervisors, president of the council or trustees, or other head of the legislative department thereof."

The defendant here is the "Richmond School District, Contra Costa County, State of California." No question as to any personal liability of the members of the board is in-

volved. The action was brought under section 2.801 of the School Code imposing liability on school boards "in the name of the district" in certain circumstances. The School Code permits a unified school district, such as here involved, to be governed by charter provisions in certain respects. (Sec. 2.2020, School Code.) Pursuant to this authority the city of Richmond by charter provision provided for the creation of this school district under the management of the Board of Education. The charter expressly provides that the board has power to choose one of its members as president of the board. The board here consists of three members, Ford being the president. Section 2.141 of the School Code provides that "in the name by which the district is designated the trustees may sue and be sued. . . ." A school district is a political subdivision and a public corporation of the state, and is an independent and separate governmental agency and corporate entity, distinct from the city or county in which the district is located. (*Ward* v. *San Diego School Dist.*, 203 Cal. 712 [265 P. 821]; *Skelly* v. *Westminster School District*, 103 Cal. 652 [37 P. 643].)

Thus, the specific question here involved is whether service on the president of such a district is a valid service in the absence of any statute defining how such service may be had. Obviously, in the absence of statute, the courts must decide how such service shall be made. There are four possible ways in which a service could conceivably be made—(1) service upon any member of the board; (2) service upon the presiding officer of the board; (3) service upon a majority of the board, and (4) service upon all the members of the board. The majority opinion holds that to be a valid service on such a district all the members of the board must be served, except that it indicates that possibly in certain circumstances such as in case of the absence of a member of the board from the jurisdiction, his illness, etc., a valid service may be made by serving a majority of the board. An examination of the authorities discloses that there is authority for alternatives numbered 1, 2 and 4. No authority at all has been cited for alternative numbered 3. The majority opinion, in support of its conclusion that service on all the members of the board is normally required, quotes one sentence from 56 Corpus Juris, p. 789, section 948. That sentence undoubtedly supports the conclusion for which it is cited. But the preceding sentence of the same paragraph reads as follows: "In the absence of a

statute to the contrary, there is implied authority, at common law, for the president of a school board, as head officer of a corporate school district, to receive service of process in a suit against the district.'' In support of that statement the case of *Carr* v. *School Dist. of Belton*, 42 Mo.App. 154, is cited. In my opinion, that is the best reasoned case on the subject appearing in the books. The factual and legal situations there involved were identical with those here existing. There, as here, there was no statutory provision on the subject. There, as here, the president of the governing board was served, the other members of the board were not served, the default of the district was taken, and the district moved to set aside the default on the ground of lack of service. The court (p. 157) held: ''Defendant's counsel, for reversal of this judgment, relies mainly on the contention that service of process on the president of the school board is not such as to give jurisdiction over the defendant. We have examined in detail the various authorities cited by counsel to sustain this position, and hold against said contention. It is true that the school law provides for no specific manner of service, as is the case with some other corporations; yet it does not follow therefrom that a school district cannot be brought into court to answer the complaints of its creditors. By force of the statute, the school district of Belton had become, on its organization, 'a body corporate,' and in its corporate name may sue and be sued, etc. R. S. 1889, section 8083. A board of directors is likewise provided for the management of the affairs of said corporation, from which a president or chief officer is selected. This president of the board is plainly the 'head officer' of the corporate body, and, in the absence of a statute otherwise providing, there is an implied authority, at common law, in this head officer to receive service of process in a suit against the corporation. (*Cloud* v. *Inhabitants of Pierce City*, 86 Mo. 357; 1 Tidd, Pr. 161; 2 Morewetz on Corp., sec. 979.) Without further discussion, then, which we deem unnecessary, we hold, with the circuit court, that legal process was served on the defendant corporation, and it was bound to answer.'' This case cannot be distinguished from the present one. In *School Dist. No. 9* v. *Fowles*, 87 S.C. 552 [70 S.E. 315] the service was made upon a member of the board of trustees, and a default taken. The trial court set aside the default. This order was reversed, one ground of the

opinion being that under such circumstances "the magistrate did acquire jurisdiction of the defendant" district. (70 N.E. at p. 316.)

Thus, there is substantial and well reasoned authority for the conclusion that, independent of statute, service upon the presiding officer of a school district is a valid service on the district. According to the authorities cited in the Carr case, *supra,* that was the common law rule. When that factor is considered with the factor that this state has seen fit to codify the common law rule as to private and most public corporations it seems to me that sound public policy requires a holding that as to other public bodies not covered by statute, where no personal liability is sought to be imposed on the members of the board, service on the presiding officer is all that is required. The purpose of service is to give the district notice of the fact the action is pending. Obviously, the most reasonable manner of giving such notice is to serve the presiding officer of the district. Serving the other members would seem to impose an unnecessary burden on the plaintiff with no correspondent benefit to the defendant. For these reasons, I am of the opinion that the service here involved was valid, and that the order appealed from should be reversed.

Appellant's petition for a hearing by the Supreme Court was denied July 1, 1943. Carter, J., and Traynor, J., voted for a hearing.