[Civ. No. 17308.   Second Dist., Div. One.   Feb. 16, 1950.]

NORMAN W. CHURCH, Respondent, v. CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, Hugh H. MacDonald, Deputy City Attorney, Harold W. Kennedy, County Counsel, and Gordon Boller, Deputy County Counsel, for Appellants.

John Moore Robinson and Robert M. Himrod for Respondent.

DRAPEAU, J.—The facts in this case are not disputed. Plaintiff at all times material herein has been a resident of the county of Los Angeles.  He has been in the business of breeding, training, and racing horses for many years.  He owns and operates two ranches in Santa Clara County, one for breeding, the other for racing and training.  Colts are foaled and trained in Santa Clara County, or purchased in Kentucky and trained in Santa Clara County.

When ready for racing, horses are shipped to race meets in California and in other states.  During a meet they are raced, stabled, and taken care of at the track where the meet is held.  When the meet is over they are sent to other meets in other places.  Sometimes the horses go first to Bay Meadows track in northern California, then to the Santa Anita track in southern California, and then to meets in eastern states.  And sometimes the order is reversed, and the horses are sent first to other states, and then back to one or more of the California tracks.

The horses are for sale wherever they may be. Some are entered in "claiming" races. In such races a certain purchase price for the horse is stated, and, under conditions not necessary here to relate, the owner must sell at that price if any buyer "claims" the horse.

While 12 of plaintiff's horses were at Santa Anita, they were assessed and taxed as personal property for the county of Los Angeles and the city of Los Angeles. The same horses had been assessed for tax purposes in Santa Clara County also. These horses were at a race meet at Santa Anita between December 29, 1945, and March 16, 1946, which, of course, included the first Monday in March, when taxes become a lien.

The tax in Los Angeles County was paid under protest, and the plaintiff brought his action for recovery. The trial court found that the plaintiff's ranch property in Santa Clara County was the place for rehabilitation and maintenance of the horses when not away racing, and, that, when the horses were away racing, it was the intent of the plaintiff to return them to Santa Clara County. From the findings conclusions of law were made that the taxable situs of the horses was Santa Clara County, and that the taxes assessed and collected by the Los Angeles County Tax Collector were unlawful, and judgment passed accordingly. From this judgment defendants Los Angeles county and city of Los Angeles appeal.

■ Appellants assert that the horses are subject to tax in Los Angeles County for the following reasons:

1. The domicile of plaintiff, the owner of the property, was in the county of Los Angeles.

2. The operating or business situs of the property on the tax date was in the county of Los Angeles.

3. The property was present on the tax date in the county of Los Angeles as in a market for sale.

These reasons are summed up in the further statement in the county's brief:

"The rule at common law and still applicable today declares the situs of personal property to be with the owner thereof and is expressed by the Latin phrase *mobilia personam sequuntur.*"

The appellants instance taxation at the owner's domicile of ocean-going ships, railroad rolling stock, commercial buses and trucks, airplanes, and mobile machinery of contractors engaged in the construction of roads, dams, and other improvements.

The rule, however, has one well-recognized exception: Tan-

gible personal property is to be taxed at the place where it is permanently located. That place is the situs of the property for tax purposes. (*Brock & Co.* v. *Board of Supervisors,* 8 Cal.2d 286 [65 P.2d 791, 110 A.L.R. 700].)

The trial court found against the county and city on this ultimate fact, and the finding is supported by substantial evidence. Appellants' contention, coming at the very end of their reply brief, that the findings do not support the conclusions, and that the findings and conclusions do not support the judgment, have been examined despite the rule (*Gould* v. *Richmond School Dist.,* 58 Cal.App.2d 497 [136 P.2d 864]) and is without merit.

It is argued that this case presents a matter of law only, and that it is a case of first impression in California, insofar as the situs for taxation of race horses is concerned.

It is therefore held that race horses come within the exception. There can be no better example of permanence of location than in the management of this kind of personal property. There is a home ranch, where the animals are raised and trained; from whence they go to race; to which they return for rest and recuperation when not on the road; and to which, finally, some more fleet and fortunate than others come back, to enjoy an honorable retirement.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 13, 1950.