M. L. PERRITT et al.

*v.*

HALBERT CARTER et al.

(*Jackson,* April Term, 1959.)

Filed May 1, 1959.

VAN DYKE & DUNLAP, Paris, for appellants.

MADDOX, MADDOX & LASSITER, Huntingdon, for appellees.

612

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit filed on behalf of a number of residents of Carroll County, asking that the appellants have a declaratory judgment decreeing that Chapter 286 of the Private Acts of the General Assembly of the State of Tennessee for the year 1957 be held unconstitutional and void.

The purpose of the Act was to enlarge the Huntingdon Special School District so that it would not only embrace a portion of the Eleventh Civil District of Carroll County as originally provided, but to include all of the Tenth Civil District, portions of the Eighth, Eleventh, Twelfth, Fifteenth, Nineteenth and Twenty-Third Civil Districts of Carroll County, and including the Town of Huntingdon.

It is objected that Section 2 of the Act is contrary to and attempts to suspend Section 2-701 of the Tennessee Code Annotated, which reads as follows:

"Establishment of places of holding elections.—The places of holding elections shall be in each civil district, at some convenient locality, to be designated by the county court, at least six (6) months before the election, and entered of record."

The above quoted Section has to do with general election laws. There is no general law governing elections for special school districts and we think that this was within the constitutional power of the Legislature to regulate this designation.

It is also objected that Chapter 286 is violative of Section 9, Article 11 of the Constitution of the State of Tennessee (Home Rule Amendment) in that it does not require approval of either the local legislative body of Carroll County or a majority of the voters of Carroll County, but instead Section 3 of the Act requires approval of the voters residing within the affected area of said County.

The Chancellor was of the opinion that Section 3 of the Act was inserted because of an erroneous impression that it comes within the Home Rule Amendment; and that Section 3, Chapter 286, is a complete legislative enactment, capable of enforcement and answers the object of its passage.

The Chancellor was further of the opinion that the Legislature would have enacted Chapter 286 if Section 3 had been omitted and his decree then proceeds to elide said Section 3 and holding that said Chapter 286 is valid and constitutional.

The lower court relies upon our recent case of *Fountain City Sanitary District v. Knox County Election Commission*, 203 Tenn. 26, 308 S.W.2d 482, in which it was held that a utility district did not come within what is known as a Home Rule Admendment in the limited constitutional convention of 1953.

We are of the opinion that a special school district does not come within the definition of a municipality as contemplated in said Home Rule Amendment.

Evidently the provision as to a referendum was inserted in the present Act because of the erroneous impression that the District might come within the Home Rule Constitutional Amendment requiring an election referendum before the Act would be enforceable.

In the present case in eliding the referendum provision which was erroneously inserted, this brings us back to the rule set out in *Kee v. Parks,* 153 Tenn. 306, 283 S.W. 751, which sanctions public legislation with respect to a public school district. It was there held that while the public school district is a public corporation, yet it was not a municipal corporation in the sense that it can be authorized to impose taxes and it is a mere instrumentality of the State created exclusively for public purposes subject to unlimited control of the Legislature. See *Quinn v. Hester,* 135 Tenn. 373, 186 S.W. 459.

We are therefore of the opinion that the Home Rule Amendment is not broad enough to cover special school districts and therefore the provision as to a referendum is surplusage and should be elided.

It results that we find no error in the decree of the Chancellor and it is affirmed.